SPENCER LUMBER COMPANY *v.* DOVER.

Opinion delivered June 26, 1911.

1. SALE OF CHATTELS—FRAUD AS DEFENSE.—One sued on a note for the purchase price of machinery can not be heard to say, in impeachment

of the contract of sale, that he was induced by fraudulent representa-
tions to make the purchase if he had had ample opportunity to
operate the machinery before the note was executed.    (Page 489.)

2.  SAME—EVIDENCE—HEARSAY.—Where a bill of sale recited the sale of
so many feet of lumber, and one of the defenses to a suit on the pur-
chase money was that there was a shortage in the lumber, such short-
age can not be proved by a witness whose information was derived
from what others told him.    (Page 490.)

Appeal from Polk Circuit Court; *Jeff T. Cowling,* Judge;
affirmed.

*Elmer J. Lundy,* for appellant.

Fraud and deceit with reference to the condition of the mill
and machinery was available as a defense by way of counter-
claim, and evidence outside of the bill of sale was admissible. The
bill of sale, being merely an instrument for the passing of owner-
ship, does not preclude a showing of fraud on the part of the ven-
dor.    38 Ark. 334; 6 Enc. of Ev. 22; *Id.* 16; 20 Cyc. 112; 43 Ark.
439, 448; 60 Ark. 387; 156 Mass. 135; 22 Ark. 454.

*J. I. Alley,* for appellee.

The only warranty in the bill of sale was as to the title, and
parol evidence was not admissible to show any other warranty.
38 Ark. 334; 83 Ark. 240; *Id.* 105; 80 Ark. 505. Having had the
privilege of inspection and in fact having taken possession of
and used the property for more than a month before executing the
note, appellants are estopped to plead as a defense any defective
condition of the machinery which by ordinary diligence could
have been discovered. 125 U. S. 247; 135 U. S. 609; 76 Ill. 71;
80 Ill. 477; 6 Ind. 219.

HART, J. This appeal is prosecuted to reverse the judgment
upon a directed verdict in a suit on a promissory note for six
hundred eighty-three dollars and three cents ($683.03). The
note is dated May 2, 1910, and was given for the purchase price
of certain machinery and lumber and logs. Appellant refused to
pay the note, and, when sued by appellee, set up by way of defense
certain alleged fraudulent representations in regard to the con-
dition of the machinery when sold, breach of warranty and dam-
age in consequence. The machinery was purchased on the first
day of March, 1910, and appellant immediately went into the pos-
session of the same and began operating it. The bill of sale does

not contain any express warranty of the machinery. It will be noted that the note given for the purchase price of the machinery was executed on May 2, 1910, one month after the bill of sale was executed. During this time appellant was operating the machinery, and when they gave the note for the purchase price, they had had ample time and opportunity to inspect the machinery and to know what defects in it, if any, existed. This being so, they can not now be heard to say, in impeachment of the contract of sale, that they were induced by fraudulent representation to make the purchase. *James* v. *Bocage,* 45 Ark. 284; *J. I. Case Thresh- ing Machine Co.* v. *Bailey,* 89 Ark. 108.

According to the bill of sale, "about 50,000 feet of lumber and logs were sold." Another defense set up by appellant to the suit is that there were only 38,000 feet of logs and lumber. On this point appellant introduced as a witness, D. J. Spencer, its secretary and manager. It developed upon his cross examination that he had no personal knowledge of the amount of lumber on hand, and that his knowledge was derived solely from what other employees of appellant told him. This was hearsay, and insuffi- cient to prove the shortage in the lumber.

It follows that the judgment must be affirmed.