BROWN & CO. v. BENNETT.

Opinion delivered March 13, 1916.

1. NEGLIGENCE—INJURY TO PLAINTIFF'S HORSES—KNOWLEDGE OF STABLE-KEEPER—INFECTIOUS DISEASE.—A stable-keeper will not be liable for damages suffered by plaintiff's horses catching a disease while in defendant's stable, unless he had notice of such facts as would make him chargeable with knowledge that his own mules were infected with a disease, and liable to communicate it to other animals in the same barn.

2. PRINCIPAL AND AGENT—KNOWLEDGE OF AGENT—LIABILITY OF PRINCIPAL.—A stable-keeper will be liable for damages, when a disease

was communicated from infected mules belonging to him, to horses kept in defendants' stable, and belonging to plaintiff, when defendants' agent, charged with looking after the animals, knew of their condition.

Appeal from Logan Circuit Court; *Jas. Cochran,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellee brought this suit against appellants for damages resulting to his horses from an infectious disease negligently communicated to them. The complaint alleges that a pair of mules kept by defendants and driven by their agent, Parker, employed in the service of the firm in driving a poultry wagon, were allowed to be kept in his barn at the request of defendants; that they were kept in the barn while they were infected and diseased with a contagious disease, distemper, and known to be so diseased; that his horses were kept in the barn at the time and immediately after defendants took away their mules and before same was disinfected and that the disease was communicated to his horses. It further alleged damage to the horses, two of them dying therefrom and prayed judgment in the sum of $505.

The answer admitted that the mules were kept in the barn, alleged that they were free from any disease or any form of distemper and that other animals were kept in the barn besides theirs and if the disease was communicated to plaintiff's stock it was from other infected animals being stabled therein, and alleged specifically that a horse, the property of D. E. Johnson infected with distemper was stabled in the barn some time prior to plaintiff keeping his horses there.

It appears from the testimony that the appellants were the owners of the mules used in the poultry wagon sent out in the country by them in charge of the driver, Parker; that the mules were infected with distemper at the time they were being stabled in the barn of appellee when they were in town between trips; that appellee's horses after they were put in the barn where the mules had been kept, took the distemper and one mare and colt died

from the disease and the other mare recovered but was considerably damaged thereby and less valuable thereafter.

Several witnesses testified as to the character of the disease and its indications, some stating positively that the mules were infected with it and known to be so by the driver, Parker, who had them in charge and whose business it was to drive the wagon about through the country and take care of the team. One witness testified that a member of the firm told him he knew that the mules had distemper and intended to tell the appellee about it, but forgot to do so.

Several witnesses testified about the value of the animals and the cost of medicine and care for them during the time they had the disease.

The court instructed the jury, giving over appellants' objection number 5, as follows: ''I charge you that while defendants before they could be held liable for damages for the injury complained of must have known these mules were infected with a contagious and infectious disease yet if you find from a preponderance of the testimony that the defendants' agent who had said mules in charge knew that said mules were so infected with a contagious and infectious disease known as distemper, then the defendants are held in law to have known this fact, as knowledge of the agent is in law knowledge of the principal.''

From the judgment on the verdict against them, appellants prosecute this appeal.

*Sam R. Chew,* for appellants.

1. The *onus* was on appellee to prove by a preponderance of the evidence that appellants' mules were in fact infected with distemper and that appellants knew this and that the mules were liable to communicate this disease to appellee's stock. 58 Ark. 401; 57 *Id.* 402. There is no proof that the mules had distemper, or that appellant knew it.

2. The so-called expert testimony was not competent. 87 Ark. 243; 100 *Id.* 518; 103 *Id.* 196.

3. The court erred in its instructions. Nowhere can it be found that appellants or their agent knew the mules were infected with a contagious and infectious disease. They were abstract, misleading and prejudicial. 26 Ark. 513; 29 *Id.* 151; 36 *Id.* 641. Instructions should be hypothetical and only embody the law as applicable to the facts, but not assume facts to be proved. 14 Ark. 286; 76 *Id.* 468; 45 *Id.* 256; 71 *Id.* 38.

The court also erred in its instructions as to the amount of damages. 105 Ark. 205; 87 *Id.* 123. The instructions asked by appellant should have been given; they state the law correctly. 69 Ark. 134; 82 *Id.* 499; 96 *Id.* 206.

*D. E. Johnson* for appellee; *R J. White,* of counsel.

1. All the allegations of the complaint were sustained by substantial proof. 58 Ark. 401.

2. Knowledge of the agent is knowledge of the principal. 79 Ark. 283; 86 *Id.* 538. Distemper is contagious and appellants knew it.

3. The testimony was competent. The value of the animals was proven. 89 Ark. 111. The instructions as a whole are correct. 93 Ark. 141; 83 *Id.* 61; 96 *Id.* 339; 2 Cyc. 332.

4. A clear liability was proven. 83 Ill. 111; 2 Rob. (N. Y.) 326. The instructions were not misleading nor assume facts to be proven. 89 Ark. 111. All the instructions substantially comply with the rule in 58 Ark. 401. There is no error.

KIRBY, J., (after stating the facts). (1) The court properly instructed the jury that the plaintiff would not be entitled to recover unless they found from a preponderance of the testimony that defendants knew or had notice of such facts as would make them chargeable with knowledge that their mules were infected with the disease while they were kept in the plaintiff's barn and liable to communicate it to other stock. *Railway Company* v. *Goolsby,* 58 Ark. 401; *Railway Company* v. *Henderson,* 57 Ark. 402.

(2)   We do not think the court erred in giving instruction numbered 5 complained of, since Parker the driver of appellants' mules, engaged in their service, was charged with the duty of looking after and taking care of them and being their agent his knowledge of the condition of the mules was their own.

There was testimony sufficient to show that the mules were infected with distemper at the time they were kept in the barn and that it was an infectious disease, known to be so and liable to be communicated to other stock and that the horses of appellee took distemper after being stabled in the barn where the mules were kept without having been informed by appellants of the fact that their mules had been infected with the disease while kept therein.

From the testimony relative to the value of the animals, and the damage thereto, the jury could have found for a larger amount than they did, and the testimony of an offer from a particular individual of a certain price for one of the animals that died, if it was incompetent as contended by appellant was not prejudicial, since the jury fixed the value at a much less amount in rendering their verdict.

We do not think any of the instructions are open to the objections that they assumed facts not proved, or permitted the jury to find the value of and damage to the animals without regard to the testimony.   The case appears to have been submitted to the jury upon instructions properly defining the issues and the testimony is sufficient to support the verdict.

We find no prejudicial error in the record and the judgment is affirmed.