PATE *v.* J. S. McWILLIAMS AUTO COMPANY.

4-4510

Opinion delivered February 15, 1937.

*H. G. Wade* and *Gaughan, Sifford, Godwin & Gaughan,* for appellant.

*J. S. Brooks,* for appellee.

HUMPHREYS, J. This suit was brought by appellee against appellants in the second division of the circuit court of Ouachita county to recover the balance due on two Dodge trucks and to enforce a lien against each truck for the amount due on each, as provided by § 8729, Crawford & Moses' Digest.

Appellant traded two used Chevrolet trucks to appellee for two new Dodge trucks and entered into a written contract to pay the difference in cash at the rate of sixteen dollars per month on each truck until the balance of the purchase money was fully paid.

The written contracts provided that the writing contain the entire agreement affecting the purchase and that no agreement, understanding or warranty of any nature concerning same has been made or introduced into or is a part of this transaction.

The only warranty contained in the written contract is what is characterized as a "Uniform Warranty" and is as follows:

"The manufacturer warrants each new motor vehicle manufactured by it to be free from defects in material and workmanship, under normal use and service, its obligation under this warranty being limited to making good at its factory any part, or parts, thereof, including all equipment or trade accessories (except tires) supplied by the car manufacturer, which shall occur within 90 days after making delivery of such vehicle to the original purchaser, or before such vehicle has been driven 4,000 miles, whichever event shall first occur."

There is no question that the written contract was entered into and none as to the amount due thereon. The only defense interposed to the action is that the trade made and the contract entered into was induced by false and fraudulent representation by appellee that the new trucks would not consume any more gas and oil than the Chevrolet trucks, and that the upkeep of the Dodge trucks would be less than the upkeep of the Chevrolet trucks.

Proof was introduced by appellants to support the representations made, and that after being used several months the Dodge trucks consumed much more gas and oil than the Chevrolet trucks had done.

Appellants admitted that they used the trucks, driving one of them twenty thousand miles and the other twenty-seven thousand miles, and made the monthly payments on them from May 28, 1935, the date they were purchased, to December 18, 1935, at which time appellants undertook to turn said trucks back to appellee. Appellee would not receive them and the drivers left them about a block from appellee's place of business and this suit followed.

At the conclusion of appellant's testimony appellee moved for an instructed verdict in its favor, whereupon, the court instructed verdict for the amounts due and declared a lien on the trucks and ordered them sold to pay same, from which is this appeal.

The court was correct. The representations made were in conflict with the written instrument and inadmissible in evidence as a defense. To allow the representations as a defense would amount to contradicting a written instrument by parol evidence. Even though the representations had not conflicted with the written instrument appellants waived the right to defend on the ground of a fraudulent procurement of the contract, by making no complaint and by using the trucks and making monthly payments thereon long after they claimed to have discovered that the Dodge truck consumed more gas and oil than the Chevrolet trucks had consumed.

Again, the representations were general in character and cannot be regarded in law as more than appellee's

opinion. They did not assume the dignity of warranties. There is no complaint that there was any violation of the written warranty contained in the contract. No error appearing, the judgment is affirmed.