HIGNIGHT *v.* BLEVINS IMPLEMENT COMPANY.

4-9772                                247 S. W. 2d 996

Opinion delivered April 21, 1952.

*Lookadoo & Lookadoo,* for appellant.
*McMillan & McMillan,* for appellee.

GEORGE ROSE SMITH, J. The appellee, as the plaintiff below, brought this suit to recover the balance due upon a conditional sales contract by which the plaintiff had sold to the defendant a Diesel motor to be used as the power unit for the defendant's sawmill. The defendant admits his failure to pay the purchase price but contends that the contract should be canceled because the plaintiff falsely represented the motor to be in perfect condition, when in fact it has never performed satisfactorily. The trial court submitted the question to the jury, which returned a verdict for the plaintiff.

For reversal the appellant assigns a number of asserted errors in the giving and refusal of instructions. We find it unnecessary to pass upon these assignments. The evidence warranted an instructed verdict for the plaintiff; hence the defendant could not have been prejudiced by any instructions that were given or refused.

The defendant, by conceding the execution of the contract and his default in its performance, assumed the burden of proving his defense to the plaintiff's *prima facie* case. Even when we give the defendant the benefit of every doubt there was still no issue for the jury's determination.

Hignight, the defendant, admits that he signed the contract of purchase after having had the motor in his

possession during a trial period of several weeks. Although he says that during these weeks he tested the machine only once, for about forty minutes, he may be charged with the knowledge he might have acquired in the course of his ample opportunity to test the motor. *Spencer Lbr. Co.* v. *Dover,* 99 Ark. 488, 138 S. W. 985.

The written contract of sale provides that it is made without any express or implied warranties. In view of this provision it was incumbent upon the defendant to show that his assent to the contract was induced by fraud. Not only is there no evidence of fraud; even if there were such testimony the defendant has waived his right to complain. His proof is that the motor did not perform properly for even a single day, yet he kept the machine and continued to make payments on the purchase price for eight months after signing the contract. His only reason for this delay is that it was not until eight months after his purchase that he noticed water seeping from the engine and concluded that the block was broken. But Nathan Crawley, his employee whose duty it was to operate and repair the motor, testified that he noticed this seepage on the day the motor was delivered, or the next day. The defendant is charged with knowledge acquired by his employee in the course of his duties and in circumstances in which the knowledge should have been reported to the master. *Brown & Co.* v. *Bennett,* 122 Ark. 570, 184 S. W. 35; Rest., Agency, § 275. On the whole, this case cannot be distinguished from *Pate* v. *J. S. McWilliams Auto Co.,* 193 Ark. 620, 101 S. W. 2d 794, where we upheld the trial court's instructed verdict for the plaintiff.

Affirmed.