LIPSMEYER *v.* FARMERS TRACTOR & IMPLEMENT Co.

4-9992                                    255 S. W. 2d 165

Opinion delivered February 23, 1953.

*Johnston & Rowell,* for appellant.

*Phillip H. Loh,* for appellee.

ROBINSON, Justice. This is a suit on an open account and title retaining note. The defendant alleges a breach of warranty as a defense.

The Farmers Tractor & Implement Company, appellee herein, sold a tractor and other farm implements to the appellant, Joe H. Lipsmeyer. The total of principal and interest amounted to $2,675.68, of which $501.50 was charged on open account. Two title retaining notes were executed by Lipsmeyer for the balance of the purchase price, one in the sum of $500, due September 4, 1951, and another in the sum of $1,674.18, of

which $837.09 was due October 4, 1951, and a like amount due on October 4, 1952. Lipsmeyer paid nothing on the open account, defaulted in the $500 payment due September 4, 1951, and in the $837.09 payment due October 4, 1951. On October 29, 1951, the implement company filed suit on the note and open account and asked judgment for the full amount of $2,675.68. Judgment was rendered for the plaintiff and Lipsmeyer has appealed.

The implement company sells Ford tractors and had been attempting to sell one to Lipsmeyer for some time. In March, 1951, it took one of the tractors to Lipsmeyer's farm and left it there for him to test, so that he could determine whether it was suitable for his purposes and whether he wanted to buy it. Lipsmeyer had the tractor in his possession, with full opportunity to test it in any manner he might desire, for two or three weeks, after which time he made the purchase and executed the notes, as above stated.

As a defense to this suit, Lipsmeyer claims that the implement company made certain warranties as to the quality of the machinery and the work it would do; and he further maintains that the machinery was defective and did not have the capacity to do the work, as provided by the warranty. But the conditional sales contract provides: "No warranties, express or implied, and no representations, promises or statements have been made by Seller unless written hereon by Seller." There are no warranties written on the sales contract.

Perhaps this case is controlled by *Hignight* v. *Blevins Implement Co.*, 220 Ark. 399, 247 S. W. 2d 996; *Pate* v. *J. S. McWilliams Auto Co.*, 193 Ark. 620, 101 S. W. 2d 794, and *Kern-Limerick, Inc.* v. *Mikles*, 217 Ark. 492, 230 S. W. 2d 939, wherein it was held in similar circumstances that the plaintiff was entitled to a directed verdict. However, we do not need to pass upon the issue of whether a directed verdict would have been proper here, for the reason that after all the issues were submitted to the jury on instructions given by the court, there was a verdict for the plaintiff for the full amount

sued for; and there is substantial evidence to sustain the verdict.

Appellant also assigns as error the court's refusal to give his requested instruction number 11 which pertains to the measure of damages, in the event the jury found there had been a breach of warranty by the seller; but, since the jury found there was no breach of warranty, there could be no error in the court's refusal to give the instruction.

Affirmed.