[No. 17535. Department Two. March 21, 1923.]

JAMES RIDDEL, *Respondent*, v. MAUDE LYON *et al.*, *Appellants*.[1]

MUNICIPAL CORPORATIONS (379, 380)—USE OF STREETS—COLLISION AT CROSSING—RIGHT OF WAY. A pedestrian, entering a street intersection under direction of the traffic officer, has the right of way until he reaches the other side of the street, and the fact that the semaphore was changed while he was crossing, giving traffic in the other direction notice to proceed, does not give it the right of way over one first entering the crossing.

SAME (381, 392)—COLLISION—RATE OF SPEED—INSTRUCTIONS. It is proper to give an instruction to the jury as to excessive speed, where an automobile, after notice to proceed, was driven sixteen feet and the distance across the street, while a pedestrian was walking from the east car track to the east curb.

DAMAGES (126)—PERSONAL INJURIES—EARNING CAPACITY—LOSS OF TIME—INSTRUCTIONS. In an action for personal injuries it is not error to give an instruction allowing the plaintiff compensation for the value of his time lost, if any, and for the impairment of his earning capacity, if any, where he appeared on the witness stand and stated his age and the nature of his injuries, notwithstanding he was 71 years of age and there was no evidence that he was employed.

Appeal from a judgment of the superior court for King county, Card, J., entered May 5, 1922, upon the

[1] Reported in 213 Pac. 487.

verdict of a jury rendered in favor of the plaintiff, in
an action for personal injuries sustained by a pedes-
trian struck by an automobile.   Affirmed.

*Reynolds, Ballinger & Hutson,* for appellants.
*Griffin & Griffin,* for respondent.

PEMBERTON, J.—This is an action for damages by
respondent against Maude Lyon and Caroline Bon
Kosky, appellants, to recover damages for personal
injuries sustained as a result of being struck by an
automobile owned by appellant Maude Lyon and driven
by appellant Caroline Bon Kosky.

The accident occurred on or about the 15th day of
August, 1921, at the intersection of Third avenue and
Pike street, in the city of Seattle.   Respondent, a man
of about seventy-one years of age, was walking east on
the north side of Pike street at the street intersection
of Third avenue, which runs in a northerly and south-
erly direction.   Before crossing Third avenue, he no-
ticed that the semaphore in charge of a traffic officer
was turned to prohibit the east and west traffic along
Pike street.   The semaphore, in charge of a traffic offi-
cer stationed at the street intersection, has four arms
on it arranged cross-wise, bearing the words "go" and
"stop."   He waited until the semaphore was turned,
releasing the traffic on Pike street, and then proceeded
to cross Third avenue.   At the time that he was east
of the center of Third avenue, it appeared that the
semaphore was again turned, releasing the north and
south traffic.   Appellant's car, being released, crossed
Pike street, striking respondent at a point about one
foot out from the curb on the east side of Third avenue.

The trial resulted in a verdict in favor of the re-
spondent in the amount of $3,500.   Motions for judg-

ment notwithstanding the verdict and for a new trial were both overruled.

Appellant first contends that respondent was guilty of contributory negligence for the reason that he did not stop, after he had started to cross the street, when the semaphore was turned, releasing the north and south traffic.

The traffic ordinances of the city of Seattle, so far as applicable to this case, provide:

"Sec. 75.    All persons shall observe and comply with the directions of traffic officers or signal devices used by them; provided, however, that the motorman of a street car awaiting signal to proceed from his conductor shall not be required to start on the signal of the traffic officer."

"Sec. 123.    Pedestrians shall have the right of way over vehicles at street intersections and crossings except as provided in Sections 124 and 125 hereof;"

"Sec. 124.    At street intersections, where a traffic officer is on duty, pedestrians shall cross the street with released traffic and not otherwise."

"Sec. 127.    In crossing streets pedestrians shall look out for vehicles and street cars and particularly on the left until reaching the center line of the street, and then on the right."

The principal question in controversy in this case seems to be whether or not respondent, having been given the signal to proceed across the street, had the right of way over appellant after the signal had been changed directing appellant to proceed while respondent was in the act of passing over the street intersection.

Appellant contends that the court erred in giving the following instruction to the jury:

"I charge you, ladies and gentlemen of the jury, that a pedestrian crossing a public street at a public crossing is by the ordinance of the city of Seattle, in the

absence of clear and plain warning not to do so, entitled to the right of way, and cannot be held for failure to observe continuous and extra observation to avoid vehicles using such street, when the street is open and unobstructed, and the driver, or drivers, of such vehicles have equal opportunity to observe such pedestrian using such crossing at the time. If you find that the plaintiff was on the 15th day of August, A. D., 1921, crossing Third avenue at a public crossing and had previous to attempting to cross received no notice or warning of any danger of the immediate approach of the defendant's automobile, the plaintiff had the right of way upon such crossing, and in the absence of previous warning was not required to exercise continuous observation to ascertain or discover the approach of defendant's automobile, to avoid collision with the same, but it was the duty of the driver of the automobile in crossing said street to accord to the plaintiff the right of way at such street crossing.''

In the case of *Sinclair v. Wiles & Foy*, 116 Wash. 409, 199 Pac. 725, we held that the car entering a street intersection would have the right of way over another car going into the intersection to the right, since the car first entering the street intersection would have the right to pass over, although the law provides for the car to the right to have the right of way. See, also, *Yuill v. Berryman*, 94 Wash. 458, 162 Pac. 513.

We must hold that one entering the street intersection under the direction of the traffic officer has the right of way and this right of way continues until he reaches the other side of the street, and the fact that the semaphore was changed, giving the traffic in the other direction notice to proceed, does not give them the right of way over the one first entering the street crossing, and the one first entering has the right to presume that he can pass over in safety and is not required to exercise continuous and extra observation to avoid vehicles using such street. The instruction com-

plained of is as favorable to appellant as the law and facts in the case will permit. This disposes of the third and fourth assignments of error in giving instruction number two.

Appellant contends that the court erred in giving instructions numbers four and five with reference to excessive speed, claiming that there is no testimony to support such instructions. It appears from the evidence that the automobile of appellant was sixteen feet south of the street intersection on Third avenue, and while the respondent was walking from the east street car track on Third avenue to the curb, appellant's automobile was driven this distance and across the street, striking the respondent. Under the testimony, there was no error in giving instructions numbers four and five.

It is claimed that the court erred in giving instruction number six, as follows:

"If you find under the evidence and instructions given, that plaintiff is entitled to recover, then your verdict should be for such an amount as you find from the evidence will justly, fairly and fully compensate plaintiff for all damages he has sustained, directly and not remotely resulting from the injuries he has received; he will be entitled to recover, if you find in his favor, for the pain and suffering he has endured, and which you find from the evidence it is normally certain he will endure by reason of such injuries, and for the value of time which he has lost, if any, and for the impairment, if any, to his earning capacity in the future, . . . "

It is insisted that there was no evidence that respondent was employed, or that he had an earning capacity, or that his time was of any value, and this instruction permitted the jury, without evidence, to find that his time had value whether he had an earning capacity or not. The court does not assume in this

instruction that the respondent had an earning capacity or that his time was of value. He told the jury that, if they found that he was entitled to recover, he should receive compensation for the value of his time lost, if any, and for the impairment of his earning capacity, if any. The respondent appeared upon the witness stand and testified as to his age and to the nature of the injuries complained of. All these facts and circumstances can be considered as evidence in determining whether his earning capacity has been impaired, without the necessity of other testimony.

There being no error committed by the trial court, the judgment will be affirmed.

MAIN, C. J., PARKER, FULLERTON, and TOLMAN, JJ., concur.