Walter COLEMAN and SINGER COMPANY, INC. *v.* Lynwood CATHEY

77-377                                        565 S.W. 2d 426

Opinion delivered May 15, 1978
(Division I)

*Wright, Lindsey & Jennings,* for appellants.

*Patten, Brown, Leslie & Davidson,* for appellee.

JOHN A. FOGLEMAN, Justice. Lynwood Cathey, then basketball coach at University of Arkansas at Monticello, was injured when his automobile was struck by a large metal door, which came off a truck owned by Singer Company and driven by Walter Coleman. Cathey filed suit against Coleman and Singer seeking to recover for personal injuries and property damage. Before trial, Coleman and Singer ad-.

mitted liability for compensatory damages and appellee's claim for exemplary damages was withdrawn. Appellants assert five points for reversal of the judgment against them. We find merit in two of them and reverse.

Appellee alleged that he had suffered severe injuries to his face, head and eyes of a permanent nature. No specific allegation was made as to loss of future earnings or earning capacity. Cathey's principal injury was to his eyes. He was mildly nearsighted in each eye before the injury. The condition was correctable by either contact lenses or glasses. He had worn contact lenses because they made a better correction. He also said that he used contact lenses because he could more effectively carry on his coaching activities than when wearing glasses. According to Cathey, the basketball coach at a small college has no full-time assistant, so he has to get out on the floor "where it is," and "mix it up" with the kids. He said that, in doing this, glasses are always in the way and are frequently knocked off. In Cathey's opinion, his inability to wear contact lenses would not affect his ability to get a job, but it might affect his ability to keep one. He lost no pay but there was testimony that he was unable to work as effectively as before. He was handicapped in viewing films, which he said was an essential part of his job, and in recruiting athletes, which he described as the life blood of a basketball program in a small college. He said that he was unable to take his usual two-week vacation during the summer following his injury. At the time of the trial, nearly three years after his injury, he was living in Little Rock and working for an insurance company. His employment as a coach was terminated two years after his injury. At the time of the injury, he was earning $13,500 per year. There was no evidence that he was earning any less at the time of the trial. Cathey testified that he was 42 years of age and anticipated being able to coach for another 15 years. He said that he would accept a good high school coaching job and that, with his experience, he should get a salary between $14,000 and $15,000 per year.

The trial judge, in instructing the jury on the elements of damages in the form of AMI, Civil, 2201, included both AMI, Civil, 2206, the present value of any earnings reasonably certain to be lost in the future, and AMI, Civil, 2207, the present

value of any loss of ability to earn in the future. The sufficiency of appellants' objection to this phase of the instruction is questioned, but we find it sufficient to raise the question appellants argue here, i.e., that both of these elements of damage should not have been included. Appellants' attorney contended that there was no substantial evidence to support an award for either, but, in any event, one or the other, but not both were permissible. This is the argument appellants make here, and we find the objection sufficient. We also find the objection appropriate. The note on use following each in AMI, Civil, states that it should not be used when the other is given. In spite of the fact that one might suffer loss of future income without having lost earning capacity or loss of earning capacity without having lost future income,[1] it is obvious that when both elements are included in an instruction to the jury, there is a real danger of a double recovery. Stein, Damages & Recovery, p. 95, § 58. As actually worded, the instruction given allowed recovery for the present value of any earnings reasonably certain to be lost in the future and the present value of any loss of ability to earn in the future. As given, the danger of duplication of damages was very real when applied to the facts of this case. See 22 Am. Jur. 2d 132, Damages, § 90; *Singles* v. *Union Pac. R. Co.*, 173 Neb. 91, 112 N.W. 2d 752 (1962); *Fields* v. *Fields,* 213 Or. 522, 326 P. 2d 451 (1958).

We cannot agree with appellants, however, that there was no substantial evidence to support an award for either element. Without elaborating further on the testimony, there was, to say the least, evidence that Cathey, who testified that he went to college to learn to be a coach, was unable to coach successfully as a result of his eye injury. In *Missouri Pac. R. Co.* v. *Gilbert,* 206 Ark. 683, 178 S.W. 2d 73, we said:

> In estimating damage resulting from loss or impairment of earning capacity, "the reasonable and dependable probabilities, looking through all that may happen and for all the years for which the computation is to be made, and viewed according to the general ex-

---

[1]For an informative discussion of these elements of damage, see Woods, Earnings & Earning Capacity as Elements of Damage in Personal Injury Litigation, 18 Ark. Law Rev. 304.

> periences and observations of life, are the elements which are to guide to a fair and acceptable result." *Mississippi Power & Light Co.* v. *McCormick,* 175 Miss. 337, 166 So. 534, 536. **\*\*\*\*\***

If the injury is permanent, proof of specific pecuniary loss is not indispensable to recovery. It is to be determined by the application of the common knowledge and experience of the jurors to the facts and circumstances of the case. *Gretton* v. *Duncan,* 238 Ky. 554, 38 S.W. 2d 448 (1931). It has been held that the appearance of the plaintiff upon the witness stand, and his testimony as to his age and the nature of the injuries complained of, are facts and circumstances to be considered as evidence in determining whether his earning capacity has been impaired. *Riddel* v. *Lyon,* 124 Wash. 146, 213 P. 487, 37 ALR 486 (1923). When we consider that the jury was fully informed as to the nature and extent of the injury, and had the benefit of Cathey's appearance and testimony, we conclude that there is no merit in appellants' argument in this regard.

Appellants also contend, correctly, that there was error in the trial court's including AMI 2203 in the instruction covering the elements of damages recoverable, which permitted the jury to evaluate the extent of them on the basis of the aggravation of a condition that already existed and predisposed Cathey to a greater extent than another person. The only evidence of an existing condition was that Cathey was nearsighted. We do not see how this condition predisposed Cathey to injury to a greater extent than another person. Although appellee has a scar on the cornea of at least one eye as a result of his injury, there is no indication that his nearsightedness was aggravated by this injury. The nearsightedness did not predispose Cathey, or make him more susceptible, to his injury to a greater extent than another person.

Appellants also contend that there was no evidence under which the jury could have found that Cathey was reasonably certain to experience pain and suffering in the future. Cathey testified that he was still unable to wear contact lenses without pain. There was no evidence of pain or suffering except when he was wearing contact lenses. The

only medical testimony offered cast considerable doubt about the likelihood of future pain attributable to the injury. In view of the fact that, on retrial, there may be other evidence on the subject, we find it unnecessary to pass on this contention.

It is also unnecessary that we pass on appellants' contention that there was error in denying their request for mistrial, even though we see no prejudice in evidence tending to show admission of liability when there had been an admission in open court. The first reference to an insurance check appears to have been a spontaneous reply by a witness and not a deliberate attempt to inject the "insurance issue," since the witness had been cautioned by the examiner not to state the source of the payment. Furthermore, at that time the reference could have been to Cathey's insurance carrier. A great deal of appellants' argument on this point is devoted to their inability to negate the effect of unanticipated testimony, but they will be prepared to do so on retrial if the matter arises again. References to insurance should be avoided. It is highly unlikely that, on retrial, this matter will arise in the same manner, if at all, so we forego further discussion of it.

The judgment is reversed and the cause remanded.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.