Billy H. CATES and Sandra CATES, and W. J. HIGHTOWER *v.* Roy BROWN and Gaylor THOMAS

82-167                                                    645 S.W.2d 658

Supreme Court of Arkansas
Opinion delivered January 24, 1983
[Rehearing denied February 28, 1983.]

*Guy Jones, Jr., P.A.,* for appellants.

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellees.

ROBERT H. DUDLEY, Justice. The issues in this case are governed by the law of torts. Appellee Roy Brown was the operator of a logging truck belonging to appellee Gaylor Thomas. The truck held a full cargo of pulpwood logs on its bed and was parked unattended on a descending slope in a line of trucks to be unloaded at the Arkansas Kraft Corporation in Conway. One of the appellants, Billy H. Cates, a carpenter, was engaged in construction work downhill from the unloading area. Either the gear became disengaged or the braking mechanism failed, or both, and the truck rolled toward Cates. He was injured while attempting to avoid being hit. He and his wife, Sandra, filed suit in tort. The jury awarded $2,000 to Billy Cates and $300 to Sandra Cates. They appeal. In addition to the Cates occurrence the appellee's logging truck struck a pickup truck belonging to W. J. Hightower. He intervened in the suit and asked for damages for the loss in value to his pickup truck. The jury awarded him $1,000 and he also appeals. Jurisdiction is in this Court pursuant to Rule 29 (1) (o). We affirm as to Sandra Cates and W. J. Hightower but reverse and remand as to Billy H. Cates.

Billy H. Cates alone argues the first four points of appeal. He initially assigns as error the refusal by the trial court to give his requested instruction on loss of future

earnings. Although the trial court's ruling on this point was correct, we discuss it because there is a likelihood the matter will again come up on retrial.

Loss of earnings and loss of earning capacity are two separate elements of damage. A.M.I. Civil 2d 2201, 2206 and 2207; *Check* v. *Meredith,* 243 Ark. 498, 420 S.W.2d 866 (1967). Judge Henry Woods, who served as chairman of the Supreme Court Committee on Jury Instruction which authored the book Arkansas Model Jury Instructions, Civil 2d (1974), thoroughly discusses the two elements of damages in *Earnings and Earning Capacity as Elements of Damage in Personal Injury Litigation,* 18 Ark.L.Rev. 304 (1965). Briefly stated, damage resulting from loss of earning capacity is the loss of the ability to earn in the future. A.M.I. 2d 2207. The impairment of the capacity to earn is the gravamen of the element. It is sometimes confused with permanency of the injury but is a separate element. Woods, *supra,* at 305. However, an instruction on this element is normally given only in the event of a permanent injury. *Id.* at 305 n. 12. Proof of this element does not require the same specificity or detail as does proof of loss of future wages. *Coleman* v. *Cathey,* 263 Ark. 450, 565 S.W.2d 426 (1978). The reason is that a jury can observe the appearance of the plaintiff, his age and the nature of the injuries which will impair his capacity to earn. In addition, proof of specific pecuniary loss is not indispensable to recovery for this element. *Id.*

Conversely, the element of loss of future earnings must be proven with reasonable certainty. *Swenson & Monroe* v. *Hampton,* 244 Ark. 104, 424 S.W.2d 165 (1968). An instruction on this element is normally given only when the plaintiff will lose wages in the future but has sustained no injury which will impair his earning capacity. Woods, *supra,* at 305. In the case before us, the damage from loss of future earnings would be the loss of wages from the date of the trial until the plaintiff is able to return to full employment. Confused terminology does appear in some of our cases prior to the publication of the Arkansas Model Jury Instructions book. *Id.* at 305 n. 13.

Here, appellant Cates asked for the instruction on the loss of future wages, A.M.I. 2d 2206. He was entitled to the instruction only if he proved this element with reasonable certainty. Loss of future earnings is proved with reasonable certainty by evidence involving two basic factors: (1) the amount of wages lost for some determinable period, for example, $100 per month; and (2) the future period over which wages will be lost, for example, 18 months. The jury is able, then, to calculate the product of the two factors which, reduced to its present value, represents the loss of future earnings.

Even though his testimony was controverted, appellant Cates supplied the first factor for the jury's consideration. He testified that from the date of the accident until the date of the trial, a period of 20 months, he had been unable to work for 684 hours as a result of his injuries, which amounted to lost wages of $5,745.37. However, he did not testify about a period of lost future wages. His supervisor testified that because of the injury appellant was unable to perform as well as he had in the past and that because of the injury Cates, while injured, would be the last hired on a new job and the first discharged on an existing job. Thus, his supervisor's testimony on the second factor was that there was some undetermined period of loss of future wages, but that testimony still allows only sheer speculation on the second factor. This failure of proof was not supplied by any of the other witnesses who testified on the subject. The three other witnesses were physicians and not one of them testified that appellant Cates would suffer any future loss of wages. Indeed, two of the orthopedic surgeons testified that Cates had no disability and could return to full work whenever he chose. The third testified that appellee's figure of physical impairment would not exceed five percent of the body as a whole but he offered no testimony about a future loss of wages. He stated: "A test of time is the only thing that would answer that accurately." We need not decide whether this testimony would have been sufficient to require an instruction on loss of future earning capacity because appellant did not request such an instruction and does not raise the issue on appeal. We need only determine whether the jury should have been instructed on the loss of future

earnings and that, in turn, is determined by whether the jury could have reached a conclusion, without speculation, on a future period of time over which wages would be lost. The answer is obvious. The second factor was not proven. Conjecture and speculation cannot be permitted to replace proof. *Check* v. *Meredith, supra.* Thus, the trial court was correct in refusing to give the requested instruction on loss of future earnings.

Billy Cates next contends that the trial court committed reversible error by the giving of an instruction on the standard of care for a contractor. A.M.I. Civil 2d 1204. There is no basis in the record for the instruction and it should not have been given. However, the verdict rendered the error harmless since the jury found against appellees on the issue involved in the instruction. The giving of an erroneous instruction is harmless error where the jury was not misled or the jury rejects the theory of the instruction. *Bussell* v. *Missouri Pacific Railroad Co.,* 237 Ark. 812, 376 S.W.2d 545 (1964).

Billy Cates' third point is that the trial court committed reversible error by giving the pattern instruction on circumstantial evidence, A.M.I. 2d 104. The instruction was proper because the case did involve circumstantial evidence. *Ford Motor Company* v. *Fish,* 233 Ark. 634, 346 S.W.2d 469 (1961). As an example, appellant Cates gave direct evidence that he was injured when logs rolled off the bed of appellee's truck. The testimony was vigorously disputed by one of appellee's witnesses who testified to evidence which circumstantially indicated that Cates could not have been struck by the logs.

Appellant Billy Cates' last point is that the trial court erred in allowing questions about deductions from wages. The contention has merit. Cates' employer was called to the stand to dispute Cates' prior testimony about the loss of wages up until the time of trial. He testified three times that he had given the gross amount of wages paid to Cates. Even after that, the following took place:

Q. [Appellees' attorney]. That does not include the necessary deductions that would come out of a man's hourly wages?

A. No, sir.

Q. No taxes; no social security?

Appellants' attorney then objected on the specific ground that an award for lost wages should not be reduced by taxes or social security. The trial court overruled the objection and allowed the witness to answer: "It does not include any deductions for taxes and Social Security and so forth."

Curiously, we were not presented the issue of deducting taxes in computing any type of personal injury awards until this year. We then held that the trial court should not instruct the jury that the plaintiff's recovery for personal injury is tax free. *Bashlin* v. *Smith*, 277 Ark. 406, 643 S.W.2d 526 (1982); *see* Sexton, *Damages — Income Tax as a Factor in Measuring Personal Injury Awards*, 8 Ark. L. Rev. 174 (1953). This case presents a corollary issue in computing awards for lost wages. We adopt the preferable rule which is that the measure of damages for a wage loss is the gross amount of wages. *See* Woods, *supra*, at 307; *Deduction of Taxes in Computing Damages for Impairment of Earning Capacity*, 51 Colum.L.Rev. 782 (1952). Therefore, taxes, Social Security, retirement contributions or other withholdings may not be used to reduce a plaintiff's recovery for lost wages. However, the question, "No taxes; no social security?" as used in this case was not a valid inquiry to establish that the wages were gross wages for that fact had been established three times. Rather, the question unfairly injected into the trial the issue of taxation. The loss of earnings should have been decided solely on material issues and taxation is not such an issue. *Accord Seely* v. *McEvers*, 115 Ariz. 171, 564 P.2d 294 (1977). Thus, the evidentiary ruling was erroneous. An error in the admission of evidence must be considered to be prejudicial unless absence of prejudice is shown. *Arkansas State Highway Com'n.* v. *Roberts*, 246 Ark. 1216, 441 S.W.2d 808 (1969). Absence of prejudice has not been demonstrated in this case. Therefore, we reverse as to appellant Billy H. Cates.

The final point is raised by appellant Hightower. He contends that "the trial court erred in excluding evidence offered about the history and value" of his pickup truck. The trial court excluded testimony about modifications or changes made by appellant to the vehicle and about its original cost. Appellant contends this is relevant history about the vehicle and should have been admitted. However, there was no proffer of the witnesses' testimony. An exclusion of evidence cannot be reviewed in the absence of a proffer showing what the evidence would have been. The point was not preserved. *Boyd* v. *Brown,* 237 Ark. 445, 373 S.W.2d 711 (1963).

However, the second phase of this point was preserved. Appellant Hightower's attorney properly asked him what the fair market value of his pickup truck was immediately before the accident. He did not answer that question, but instead responded: "In my opinion, I wouldn't have took twenty-five hundred dollars for it." The trial court subsequently advised the jury to disregard the answer. Appellant then testified that the value of the vehicle immediately before the accident was $1,500. The trial court was correct. Damages to a vehicle are correctly measured as the fair market value immediately before and immediately after the occurrence. Ark. Stat. Ann. § 75-191 (Repl. 1979); *Beggs* v. *Stalnaker,* 237 Ark. 281, 372 S.W.2d 600 (1963). Therefore, we affirm as to W. J. Hightower.

Sandra Cates also gave notice of appeal, but she neither assigns a point of error nor does she make an argument about an error in her $300 award. Affirmed as to appellant Sandra Cates.

Affirmed as to W. J. Hightower and Sandra Cates. Reversed and remanded as to Billy H. Cates.