**Danny Lee LOCKETT, Appellee,**

v.

**INTERNATIONAL PAPER COMPANY, Appellant.**

No. 88–2256.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1989.

Decided March 28, 1989.

R.T. Beard, III, Little Rock, Ark., for appellant.

Winslow Drummond, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, ARNOLD and BOWMAN, Circuit Judges.

LAY, Chief Judge.

Danny Lockett was injured on the job in August of 1985 while employed as a laborer by Papco Construction Company (Papco), a wholly-owned subsidiary of International Paper Company (IPC). IPC had contracted with Papco to do demolition work at its bleach plant in Pine Bluff, Arkansas. Lockett and a fellow employee, Dan White, were performing the initial phase of demolition of a cylindrical section of a bleach tower. The section measured approximately 18 feet in length and 14.5 feet in diameter and was lying on its side on the ground. The entire inside surface of the tower section was lined with tile and concrete. Lockett and White, taking turns in rotation with a jackhammer, were inside the felled tower section attempting to cut out a ridge in the tile along the bottom side. As Lockett was attempting to break the last section of tile loose the concrete and tile on the top side of this tower section collapsed and fell on him. Lockett sustained injuries as a result of this collapse, including amputation of the little and ring fingers and a portion of the palm of his left hand.

Lockett sued IPC for negligent safety supervision on the job site. The jury awarded him $300,000 in damages. IPC filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial which the district court[1] denied. IPC appeals.[2]

*1. Negligence*

IPC argues that the district court erred in failing to rule that Lockett, as a matter of law, was guilty of negligence

1. The Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota, sitting by designation.

2. Both sides waived oral argument. This recalls Justice Frankfurter's early statement that: "Every case worthy of an appeal is worthy of an argument." As this author stated several years ago, "[w]aiving the opportunity for oral argument, in my judgment, is advocacy at its poorest level." *North Hills Bank v. Board of Gov. of Fed. Res. Sys.,* 506 F.2d 623, 626 (8th Cir.1974) (Lay, J., concurring). It cannot be stressed enough that oral argument at the appellate level is both meaningful and extremely helpful to the court.

equal to or greater than its own.[3] IPC contends Lockett's conduct constituted what this court in *Rini v. Oaklawn Jockey Club*, 861 F.2d 502, 506–07 (8th Cir.1988), labeled Type 4 assumption of risk, i.e., "Implied Secondary Unreasonable Assumption of Risk." Specifically, IPC argues that Lockett voluntarily encountered a known risk in an unreasonable fashion.

Arkansas has, by statute, adopted comparative fault. Ark.Code Ann. § 16–64–122 (1987). Where there is evidence of negligence on the part of both plaintiff and defendant, apportionment of fault under Arkansas' comparative fault statute becomes a matter solely within the province of the finder of fact. *Scoville v. Missouri Pac. R.R.*, 458 F.2d 639, 647 (8th Cir.1972). *See also Wasson v. Warren*, 245 Ark. 719, 434 S.W.2d 51 (1968); *Gookin v. Locke*, 240 Ark. 1005, 405 S.W.2d 256 (1966). This court must examine the evidence in the light most favorable to the verdict holder and must sustain the jury verdict if there is any substantial evidence to support it. *DeWitt v. Brown*, 669 F.2d 516 (8th Cir.1982). Furthermore, even assuming *arguendo* that Lockett's conduct can be characterized as Type 4 assumption of risk, *Rini* clearly holds that an Arkansas plaintiff's conduct which amounts to Type 4 assumption of risk is no longer a complete bar to recovery, but rather is simply one element to be factored into the comparative fault analysis. *Rini*, 861 F.2d at 508.

As the district court found in reviewing the jury verdict on post-trial motions, there exists substantial evidence of both parties' negligence sufficient to submit the issue to the jury under the comparative fault statute. There is no evidence in the record to indicate that the jury disregarded its instructions on comparative negligence or that it failed to consider all of the evidence relating thereto. Any assessment of fault in this case was for the jury to make. The

district court was therefore correct in refusing to assess fault as a matter of law.

2. *Jury Instruction*

■ In its second point on appeal, IPC contends that the district court erred in giving a damage instruction which allowed the jury to consider loss of ability to earn wages in the future. Timely objection was made by IPC to element five of this instruction which the district court overruled. IPC feels there was no evidence in the record to support the giving of such an instruction. We disagree.

The complete damage instruction given by the district court reads:

> If you should find for Danny Lockett on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following six elements of damage sustained: First, the nature, extent, duration, and permanency of any injury; second, the reasonable expense of any necessary medical care, treatment, and services rendered; third, any pain and suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future; fourth, the value of any earnings lost; fifth, the present value of any loss of ability to earn in the future; and sixth, any scars and disfigurement and visible results of his injury. Whether any of these six elements of damage has been proved by the evidence is for you to determine.

In *Cates v. Brown*, 278 Ark. 242, 645 S.W. 2d 658 (1983), the Arkansas Supreme Court specifically addressed the issue of loss of earning capacity and the proof required to sustain such a claim. The *Cates* court stated:

> Loss of earnings and loss of earning capacity are two separate elements of damage. * * * Briefly stated, damage resulting from loss of earning capacity is the loss of the ability to earn in the

---

**3.** Appellee Lockett's brief is highly deficient in this regard; it fails to confront or discuss this issue. However, our reading of the record satisfies us that a jury issue existed as to the comparative fault of the respective parties. It is only

on rare exception that the court can hold as a matter of law that one party's negligence is greater than that of another. To do so, when there exists conflicting evidence, usurps the role of the jury.

future. The impairment of the capacity to earn is the gravaman [sic] of the element. * * * Proof of this element does not require the same specificity or detail as does proof of loss of future wages. The reason is that a jury can observe the appearance of the plaintiff, his age and the nature of the injuries which will impair his capacity to earn. In addition, proof of specific pecuniary loss is not indispensable to recovery for this element.

*Cates*, 278 Ark. at 245, 645 S.W.2d at 660 (citations omitted).

*Cates* is dispositive of IPC's claim that insufficient evidence existed to support the giving of element five of the damage instruction. Lockett testified to the nature of his injuries and his age. This testimony provided the jury with the ability to personally observe plaintiff and the impact his injury will have on his future earning capacity. In addition, Lockett presented other evidence concerning the extent of his injury. IPC countered with its own evidence of the extent of the impairment to Lockett due to his injury. It was then for the jury to decide whether Lockett as a result of this permanent injury had sustained any loss of ability to earn in the future.

Finally, we note that the damage instruction specifically stated that whether any of the six enumerated elements of damage had been proven was for the jury to decide. It must be remembered that the jury was considering six potential forms of alleged damage for which compensation was sought. Sufficient evidence existed under the *Cates* standard to submit loss of ability to earn in the future as one of these forms of damage.

Accordingly, the judgment of the district court is affirmed.