Hally Lewis GIPSON *v.* Cynthia Kaye GARRISON

91-293                                        824 S.W.2d 829

Supreme Court of Arkansas
Opinion delivered February 17, 1992

*Russell C. Atchley*, for appellant.

*J. Scott Davidson* and *H. David Blair*, for appellee.

TOM GLAZE, Justice. The appellee, Cynthia Garrison, was involved in three automobile accidents within a three year period. The first occurred in November 1985. It was settled for $750.00. The second accident, which is the subject of this appeal, happened on July 9, 1986. In that accident, the appellee was injured when her automobile was struck from behind by the appellant, Hally Lewis Gipson. The third accident took place in July 1987, when Bruce Clayton ran a red light and struck appellee's car. Appellee subsequently filed a negligence action against both Clayton and

the appellant. Clayton's case involving the 1987 claim was settled for $15,000.00. Appellee then proceeded to trial against appellant and the jury returned a verdict in her favor in the sum of $68,000.00. The appellant raises four issues on appeal. We find no reversible error and therefore affirm.

Appellant first argues that the trial court erred in refusing to grant a new trial in that the jury verdict was contrary to the evidence. Specifically, appellant claims that his negligence was not the proximate cause of the injuries sustained by the appellee. We disagree.

Ark. R. Civ. P. 59(a) provides that a new trial may be granted when the verdict or decision is clearly contrary to the preponderance of the evidence. And where a motion for a new trial is denied, the test on appeal, viewing the evidence in a light most favorable to the party resisting the motion, is whether there is substantial evidence to support the jury verdict. *Weber* v. *Bailey*, 302 Ark. 175, 787 S.W.2d 690 (1990).

In viewing the evidence in appellee's brief, we easily conclude there is substantial evidence to support the jury verdict. Dr. Thomas Leslie, a family practitioner in Harrison, testified that there was no evidence of any ongoing problems with the appellee's neck prior to the July 1986 accident. Dr. Stevenson Flanigan, a neurosurgeon who examined the appellee, assigned a five percent permanent partial function impairment to the appellee. Dr. Flanigan further opined the July 1986 accident caused appellee's persistent symptoms. Dr. Charles Ledbetter, an orthopedic surgeon in Harrison, agreed that the July 1986 wreck was the most likely cause of appellee's ongoing physical problems.

The appellee's husband, Sheridan Garrison, testified that his wife had been in pain ever since the July 1986 accident. The appellee testified that, at the time of the third wreck in July 1987, she was still in pain from the July 1986 wreck. She further stated that she experienced sharp, immediate pain in the 1986 wreck and associated no such pain in the 1987 wreck.

The foregoing evidence, we conclude, substantially supports the jury verdict in appellee's behalf. Accordingly, we affirm the trial court's decision denying appellant's motion for a new trial.

For his second point for reversal, appellant claims that the trial court erred in granting appellee's motion in limine·excluding, as evidence, the amounts received by the appellee in settlement of claims arising out of the 1985 and 1987 accidents. Appellant contends that the jury should have been entitled to consider those settlement amounts when determining the total measure of damages suffered by the appellee.

Rule 403 of the Arkansas Rules of Evidence states:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The balancing of probative value against prejudice is a matter left to the sound discretion of the trial judge and his decision on such a matter will not be reversed absent a manifest abuse of discretion. *McKenzie* v. *Tom Gibson Ford, Inc.*, 295 Ark. 326, 749 S.W.2d 653 (1988).

This Court has never addressed the issue of whether the amount received by a plaintiff in a previous settlement is admissible. In *Clawson* v. *Rye*, 281 Ark. 8, 661 S.W.2d 354 (1983), we allowed testimony regarding the plaintiff's lawsuit and settlement, reasoning that the jury had to know the plaintiff suffered damages from a prior accident in order to decide the injury and damages in the case before it. However, the *Clawson* court did not endorse the admissibility of the amount received in a settlement. Here, as in *Clawson*, the trial judge allowed evidence pertaining to the appellee's claims and settlements. However, in considering the settlement amounts and their admissibility under Rule 403, the judge chose to exclude them. We are unable to say he abused his discretion in doing so. Thus, we uphold the judge's ruling granting appellee's motion in limine.

In his third asserted error, appellant claims that the damages awarded by the jury in the amount of $68,000.00 were excessive. The standard of review is whether the damages are so excessive as to shock the conscience of the court or demonstrate that the jury was motivated by passion or prejudice. *West Union* v. *Vostatek*, 302 Ark. 219, 788 S.W.2d 952 (1990); *O'Neal Ford,*

*Inc.* v. *Davie*, 299 Ark. 45, 770 S.W.2d 656 (1989). In determining whether the amount was so great as to shock the conscience, we consider such elements as past and future medical expenses, permanent injury, loss of earning capacity, scars resulting in disfigurement, and pain, suffering, and mental anguish. *Bill Davis Trucking, Inc.* v. *Prysock*, 301 Ark. 387, 784 S.W.2d 755 (1990).

In the present case, the appellee presented evidence that she had incurred medical expenses in the amount of $13,500.00. As mentioned earlier, Dr. Stevenson Flanigan opined that the appellee had sustained a five percent permanent disability as a result of her injuries. Several witnesses testified the appellee's injuries caused her ongoing mental and physical pain. Appellee also presented evidence that she had been required to curtail her past recreational and work activities, including her business as an interior decorator. In view of this evidence, we believe the award of damages is not so great that it shocks our conscience or demonstrates that the jury was motivated by passion or prejudice.

For his final point of error, appellant argues that the trial court erred in instructing the jury to consider damages for the appellee's loss of ability to earn in the future. Appellant claims that such an instruction was contrary to the law and evidence presented because there was no evidence that the earning capacity of the appellee would be affected by the injuries she claimed to have sustained.

Damage resulting from loss of earning capacity does not require the same specificity or detail as does proof of loss of future wages. *Cates* v. *Brown*, 278 Ark. 242, 645 S.W.2d 658 (1983). If the injury is permanent, proof of specific pecuniary loss is not indispensible to recovery for loss of ability to earn in the future. *Coleman* v. *Cathey*, 263 Ark. 450, 565 S.W.2d 426 (1978). A serious or permanent injury may sustain the submission of the issue of loss of earning capacity to the jury. *Honeycutt* v. *Walden*, 294 Ark. 440, 743 S.W.2d 809 (1988). Recovery in a claim for loss of earning capacity is to be determined by the application of the common knowledge and experience of the jurors to the facts and circumstances of the case. *Coleman*, 263 Ark. 450, 565 S.W.2d 426.

Although the appellee did not present specific evidence of pecuniary loss due to her inability to earn in the future, we hold there was sufficient evidence to warrant submitting this element of damage to the jury. As discussed previously, the appellee had been assessed a five percent permanent disability rating as a result of her injuries. Also, testimony was presented which showed the appellee was forced to forego her career as an interior decorator and liquidate her business. In addition, the jury had the opportunity to observe the demeanor and appearance of the appellee at trial. In sum, the instruction given in this case was proper under the circumstances.

For the reasons stated above, we affirm.