Darren HARDING *v.* Julie SMITH

92-1262                                         851 S.W.2d 427

Supreme Court of Arkansas
Opinion delivered April 20, 1993

[redacted]

*Dodds, Kidd, Ryan & Moore*, by: *Robert T. James* and *Donald S. Ryan*, for appellant.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Brian Allen Brown* and *Richard N. Watts*, for appellee.

STEELE HAYS, Justice. This is a suit for personal injuries arising from a motor vehicle collision. The jury returned a verdict for the plaintiff Darren Harding in the amount of $653.41. Harding appeals on a single point— the trial court erred in instructing the jury on comparative fault. Finding no error, we affirm the judgment.

Darren Harding was driving his automobile west on Third Street in Little Rock. Appellee Julie Smith (now Buford) was driving a 1988 Ford van north on Commerce. The two vehicles collided in the intersection in a heavy downpour. Harding contends Ms. Buford failed to stop at a stop sign, among other acts of negligence, causing extensive physical damage and seriously injuring him. Harding claimed to have incurred medical bills totalling $10,500. Ms. Buford alleged that Harding's injuries were the result of his own negligence.

Over Harding's objection the trial court instructed the jury on comparative negligence. The amount of the verdict, $653.41, exactly equaled the amount of medical expenses incurred on the day of the accident, plus $38.52 for medication. Harding complains that it was reversible error for the jury to be instructed in accordance with AMI 206, 305(a), 901 and 2102 because there was no evidence of fault on his part. Thus, he maintains there is no substantial evidence supporting Ms. Buford's theory of comparative negligence. *Hamilton* v. *Pan American Southern Corp.*, 238 Ark. 38, 378 S.W.2d 652 (1964).

We disagree with the argument on two grounds: given the nature of the testimony, it was not improper for the jury to be instructed in accordance with the AMI instructions on compara-

tive fault, and it has not been demonstrated that the jury reduced an award to Harding by comparative negligence.

■ As to the verdict, this was a general verdict and we have no way of determining how the jury arrived at the amount awarded. As Ms. Buford points out, the cause and degree of Darren Harding's injuries were sharply challenged and the jury may have determined that any damages attributable to Ms. Buford's negligence were minimal. There was testimony that Harding did not appear to be injured, that he was walking around after the impact without complaint. The investigating officer testified that he saw no sign of blood or cuts. A paramedic testified that Harding had a laceration on his head, but it was so insignificant that he did not treat it, that in his opinion Harding was not significantly injured. Other testimony indicated Mr. Harding's symptoms may have been preexisting.

As to causation, Darren Harding testified it was raining hard, that he was driving about 25 miles per hour in a 30 mile per hour speed zone; that he did not have his headlights on. He saw Ms. Buford approaching the intersection at a speed he estimated at 20 miles per hour and attributed the collision to her failure to stop at the stop sign. Ms. Buford testified that the downpour impaired visibility. She testified she had her headlights on and stopped at the stop sign, looking both ways. As she entered the intersection she heard a car coming very fast and slammed on her brakes just as the two vehicles collided.

■ On the basis of that testimony the jury could well have inferred that Harding was guilty of some degree of fault which proximately caused or contributed to the occurrence, and it was not error to instruct the jury accordingly. *James v. Bill C. Harris Construction Co., Inc.*, 297 Ark. 435, 763 S.W.2d 640 (1989).

Affirmed.

GLAZE, J., not participating.