Joseph SMITH and Barbara Smith *v.* Brenda BABIN

93-952                                          875 S.W.2d 500

Supreme Court of Arkansas
Opinion delivered May 9, 1994

2

*Sloan, Rubens & Peeples*, by: *Kent J. Rubens* and *Daggett, Van Dover & Donovan*, by: *J. Shane Baker* and *Joe R. Perry*, for appellants.

*Rieves & Mayton*, by: *Elton A. Rieves, IV*, for appellee.

JACK HOLT, JR., Chief Justice. Appellants Barbara and Joseph Smith contend, in the main, that the trial court erred in denying their motion for new trial after the jury found in favor of appellee Brenda Babin in the Smiths' lawsuit arising from an automobile collision that occurred on a highway in West Memphis, Arkansas. We disagree and affirm.

The Smiths assert that the trial court erred in failing to grant their motion for new trial because there was insufficient evidence to support the general jury verdict in favor of Mrs. Babin. Arkansas Rule of Civil Procedure 59(a) provides that a new trial may be granted when the verdict or decision is clearly contrary to the preponderance of the evidence. Where such a motion is denied, the test on appeal is whether there is substantial evidence to support the jury verdict. *Rathbun* v. *Ward*, 315 Ark. 264, 866 S.W.2d 403 (1993); *Gipson* v. *Garrison*, 308 Ark. 344, 824 S.W.2d 829 (1992). In determining the existence of substantial evidence, we view the evidence in the light most favorable to the party on whose behalf the judgment was entered and give it its highest probative value, taking into account all reasonable inferences deducted from it. *Rathbun, supra.* In reviewing the evidence, the weight and value to be given the testimony of the witness is a matter within the exclusive province of the jury. *Pineview Farms, Inc.* v. *A. O. Smith Harvestore, Inc.*, 298 Ark. 78, 765 S.W.2d 924 (1989).

*I. Denial of motion for new trial*

The evidence reveals that the car accident at issue occurred on Broadway Road at a site between the Super D pharmacy and

the Big Star grocery store in West Memphis, Arkansas. Mrs. Smith was leaving the Super D pharmacy lot, which is located on the south side of Broadway Street (also known as Highway 70), a five-lane highway that runs east and west. According to her testimony, Mrs. Smith pulled out of the lot in a northerly direction with the intention to make a left turn on Broadway. She first looked to her left, which was west, to see if anyone was travelling eastward toward Memphis. Seeing that the path was clear, she proceeded north across two lanes of traffic until she made it to the center lane. Then she looked eastward, and, finding the way clear, she continued northward until she arrived at the northernmost lane of Broadway and attempted to turn left or westbound. In doing so, she caught a glimpse of Mrs. Babin's car which was proceeding due south onto Broadway. Mrs. Smith attempted to avoid Mrs. Babin by turning left, but without success. Mrs. Babin's truck struck Mrs. Smith's car in the passenger side door, and according to Mrs. Smith, the roof buckled.

Mrs. Babin testified that she exited the Big Star grocery store parking lot, located on the north side of Broadway, intending to exit the lot in a southerly direction in order to drive east on Broadway. As she left the lot in a small standard transmission truck, she drove southward to a slope and stopped. Mrs. Babin looked to her left and waited while a car passed. She looked to her right and then back to the left and pulled out, continuing to drive south across Broadway, when she hit Mrs. Smith. She admits that she did not see Mrs. Smith until she hit her. However, she explained to the jury that she was still in first gear when the accident occurred, meaning that she could not have been going any more than ten to fifteen miles per hour. She was in the northernmost, westbound lane when the accident occurred.

On the conclusion of testimony, the trial court instructed the jury on the law. The jury returned the following verdict: "We, the jury, find for the Defendant, Brenda Babin."

When, as here, the jury returns a general verdict, we are unable to determine the basis for the verdict. *Harding* v. *Smith*, 312 Ark. 537, 851 S.W.2d 427 (1993). Although the parties did not abstract the jury instructions except for one dealing with violations of an Arkansas statute and one on maintaining a proper lookout, we know from an examination of the record that the trial

court instructed the jury on comparative negligence, AMI Civil 3rd 2102, which furnished the jurors various options in arriving at their verdict. Based on the giving of this instruction, the jury's verdict was, in effect, a declaration that it concluded that the Smiths had not met their burden of proof that Mrs. Babin was negligent or that Mrs. Smith's own negligence was greater than or equal to any negligence assessed against Mrs. Babin. *See Druckenmiller* v. *Cluff*, 316 Ark. 517, 873 S.W.2d 526 (1994).

It is not this court's province to retry issues of fact. Instead, we examine the record to determine if there is substantial evidence to support the jury verdict. We have done so in this appeal, and based on the record before us, we cannot say as a matter of law that the jury erred. *John Cheeseman Trucking, Inc.* v. *Dougan*, 313 Ark. 229, 853 S.W.2d 278 (1993).

In reviewing the evidence in the light most favorable to Mrs. Babin and giving it its highest probative value, we hold that there was substantial evidence to support the jury's verdict because the Smiths failed to meet their burden in proving that Mrs. Babin was, at a minimum, more negligent than Mrs. Smith. A review of the record reveals that both sides put on evidence at trial, the jury was properly instructed on the issue of negligence, and the jury chose to side with Mrs. Babin. Mrs. Smith and Mrs. Babin were entering a highway from private property, and although both parties looked to the left and right as they proceeded across Broadway, they simply failed to look straight ahead and see each other as they were merging on a collision course, one vehicle moving north and the other south. Mrs. Babin admitted that she could not with any degree of certainty estimate her speed at the time of the collision, but she explained that she knew she was in first gear when the accident occurred, and, therefore, her truck would not go over ten to fifteen miles per hour when in first gear. Mrs. Smith explained that she "caught a glimpse" of Mrs. Babin prior to the collision and tried unsuccessfully to avoid her. Under the circumstances, we hold that the trial judge did not err in denying the Smiths's motion for new trial.

## II. Collateral source violation

The Smiths next contend that the trial court erred in denying their motion for mistrial after Mrs. Babin's attorney allegedly violated the collateral source rule by making statements

with reference to Mrs. Smith's income, sick leave, and vacation pay during his opening statement. Because his statement was not recorded nor reconstructed for the benefit of the record, we have nothing before us to review. Although the Smiths' attorney made his objection onto the record and there was discussion between counsel and the court concerning Mrs. Babin's attorney's alleged statements, it was the appellant's burden to produce a record exhibiting the remarks made which constituted prejudicial error. *Adams* v. *Owen*, 316 Ark. 99, 870 S.W.2d 741 (1994); *Gidron* v. *State*, 316 Ark. 352, 872 S.W.2d 64 (1994).

We affirm.

NEWBERN, J., not participating.