Ernest L. BAILEY et al v. Ernest BRADFORD,
Parent and Next Friend of Carol Bradford, a Minor

5-5129                                    449 S. W. 2d 180

Opinion delivered January 26, 1970

*House, Holmes & Jewell,* for appellants.

*Martin, Dodds, Kidd, Hendricks & Ryan,* for appellee.

George Rose Smith, Justice. On November 29, 1964, in the city of Cabot, a car in which ten-year-old Carol Bradford was riding was struck violently from the rear by a truck owned by the appellant Bailey and being driven by his agent, the appellant Davis. Carol suffered a back injury, for which her father as her next friend brought this action in tort. The case was tried more than four years after the date of the collision and resulted in a $10,000 verdict for the plaintiff. The only contention here is that the verdict is excessive.

We find no error, but we need not detail the testimony at length, for we have often said that the facts in such litigation differ so greatly, from one case to the next, that the decisions are of scant value as precedents.

Carol testified that on the morning after the acci-

dent her back hurt so much that she could hardly get out of bed. During the ensuing four years she was treated or examined by several doctors, but when the case was finally tried Carol was still suffering pain. As a result of the injury she could no longer jump on a trampoline, serve as a cheerleader, tumble in physical education class, bend over, or help her mother in activities requiring that she bend over. At least twice she had taken doctors' excuses to school to exempt her from excessive physical exertion. Carol testified that at the time of the trial her back trouble still existed and was getting worse. Her parents and her grandmother gave corroborating testimony.

Dr. Logue, an orthopedist, found an area of hypersensitivity in the injured region of the child's back. This was in addition to a condition referred to in the testimony as epiphysitis, which is a roughening in the growing part of a bony structure. Whether the epiphysitis was the result of the accident is not known with any degree of certainty, but Dr. Logue did attribute to the accidental injury a ten percent permanent disability to the child's body as a whole. There was, of course, other medical proof contrary to that which we have reviewed, but the jury were warranted in finding the facts to be as we have stated them.

When we consider the pain that Carol suffered intermittently for more than four years before the trial, the additional discomfort to be expected in the future, and the permanency of the injury, we cannot say that the amount of the verdict is so great as to indicate prejudice on the part of the jury or to shock the conscience of the court. That being true, the verdict must be allowed to stand.

Affirmed.