BILLY JOE HANEY *v.* LOUISE NOBLE AND R. R. NOBLE

5-5547                                   466 S. W. 2d 467

Opinion delivered April 26, 1971
[Rehearing denied May 31, 1971.]

*Brown, Compton, Prewett & Dickens,* for appellant.

*Richard Earl Griffin* and *Switzer, Switzer & Tanner,* for appellees.

FRANK HOLT, Justice. This controversy arose out of an automobile accident. The appellee R. R. Noble accompanied by his wife, appellee Louise Noble, had stopped their pickup truck at the entrance to an intersection when their vehicle was struck from the rear by

an automobile driven by appellant. A jury awarded Louise Noble $15,000 and R. R. Noble $2,000.

Appellant first contends for reversal of the judgment that the evidence is insufficient to support the amount of damages awarded appellees. It is an often stated rule of this court that on appeal the evidence will be viewed most favorably to the appellee to determine whether the jury's award is so great as to shock the conscience of the court, or demonstrates that the jurors were motivated by passion or prejudice. *Gordon* v. *Smith*, 247 Ark. 253, 444 S. W. 2d 873 (1969). Accordingly, we review the evidence.

There was medical evidence that Mrs. Noble has a 10% permanent partial impairment of the cervical spine and of her body as a whole as a result of hyperextension flexion of the cervical spine and that this condition will probably worsen. Appellee has suffered pain since the accident (a year) and the pain will continue for the rest of her life. She is 58 years old with a life expectancy of 17 years.

Mrs. Noble testified to having spent 13 days in the hospital following this accident, during which time she was kept in traction and was never free of pain. After her release, she wore a "collar" every day for four months which afforded partial relief. Becoming dissatisfied with her improvement, she consulted an orthopedic surgeon who prescribed a traction head-halter treatment and, also, pain relieving and muscle relaxant medications. This traction treatment requires that she sit for 10-minute intervals two to three times a day in a harness which is attached by a rope to an 8- to 10-pound weight suspended from a pulley. This device temporarily breaks the cycle of pain. She testified that this continuous treatment and medication improved her condition; however, she was still unable to move her neck without experiencing pain and was unable to perform the activities she normally engaged in prior to her injury.

Appellees offered evidence showing that Mrs. Noble maintained her home and her yard without assistance

prior to the accident and that she spent one-third of her time helping Mr. Noble (who is 70 years of age) in the operation of their farm by driving a tractor, mending fences, and harvesting crops. After the accident she was unable to effectively accomplish her household chores and could not maintain her yard or assist in the farm work. She is no longer able to sew because of partial numbness in her fingers. The evidence shows that appellees were constant companions. Their work, as well as their recreational activities, was carried on as a husband and wife team. Since the accident, Mrs. Noble has been unable to accompany her husband on fishing trips and other recreational activities. As a result, they sold their camper. Appellees have also sold their house trailer because of non-use since she is also unable to travel.

In view of this substantial evidence, we cannot say that the damages awarded appellees were excessive. *Blissett* v. *Frisby*, 249 Ark. 235, 458 S. W. 2d 735 (1970); *Bailey* v. *Bradford*, 247 Ark. 1048, 449 S. W. 2d 180; *Dyer* v. *Payne*, 246 Ark. 92, 436 S. W. 2d 818.

Appellant contends that no evidence was adduced at trial concerning future medical expenses and that the court erred in giving an instruction (AMI 2204) which allowed Mrs. Noble to recover for future medical expenses. Appellees' medical witness said: "I would assume that she would have continuous symptoms that probably might get worse." This statement, together with the evidence that appellee had a 10% permanent impairment of the body as a whole and the expenditure of $836.68 for past medical expenses, is sufficient for the jury to consider and calculate future medical expenses. In *Belford* v. *Humphrey*, 244 Ark. 211, 424 S. W. 2d 526 (1968) we allowed the jury to infer future medical expenses where the jury had before it a history of past medical expenses that had accrued prior to trial. Therefore, no error was committed by the trial court.

Appellant also complains that error was committed by submitting to the jury the issue of diminished earning capacity in the future (AMI 2207). Appellant asserts there is "not one iota of testimony" showing Mrs.

Noble to have ever been employed or to have earned wages and, therefore, the jury would have to speculate as to her future loss of earning capacity. We find no merit in this contention. The record here clearly shows Mrs. Noble as being a productive member of her household by performing services much greater than those ordinarily rendered by a wife. Her capabilities were not limited to performing only the usual household affairs. Also included were sewing for her relatives "and all," and assisting her husband one-third of her time in their farm activities. Such capabilities are not devoid of some value. Mrs. Noble's capacity and ability to work were clearly demonstrated. The jury could reasonably infer a probable diminution in her earning capacity based upon her impaired abilities. Cf. *Long* v. *Henderson,* 249 Ark. 367, 459 S. W. 2d 542 (1970) and *Blissett* v. *Frisby,* 249 Ark. 235, 458 S. W. 2d 735 (1970). We have long recognized the right of minors to recover for future diminution of earning capacity where no history of wage earning was demonstrated. *Missouri Pac. R. Co.* v. *Maxwell,* 194 Ark. 938, 109 S. W. 2d 1254 (1937); *St. Louis, I. M. & S. R. Co.* v. *Waren,* 65 Ark. 619, 48 S. W. 222 (1898). A fortiori, certainly such reasoning would apply in the case at bar to an adult who is a productive member of the family.

Affirmed.