Calvin W. JONES *v.* WEL-BILT PRODUCTS

73-13                              511 S.W. 2d 164

Opinion delivered July 8, 1974

*Dodrill & Bethea,* for appellant.

*Davis, Plegge, Lowe & Whitmore,* for appellee.

CONLEY BYRD, Justice. The only issue on this appeal is whether there is any substantial evidence to support the findings of the Workmen's Compensation Commission denying the claim of appellant Calvin J. Jones for an alleged back injury that occurred during his employment with appellee Wel-Bilt Products.

The record shows that Jones had previously received a back injury while in the employment of Brown Packing Company. As a result of that injury Dr. Chakales performed operations on March 22, 1971 and again in August 1971. Due to the fact that Jones was still manifesting low back pain, he was referred to Dr. Rooney in November 1971, to be evaluated for possible lumbar arthrodesis. Dr. Rooney recommended a fusion but Jones declined to have a fusion at that time. Dr. Chakales at that time gave Jones a permanent partial disability of 20% to 25% to the body as a whole. In April 1972 Jones by joint petition compromised his Workmen's Compensation claim with Brown Packing Company on the basis of a 30% disability to the body as a whole plus a payment of $900 for rehabilitation. August 1, 1972, Jones went to work for Wel-Bilt Products after explaining his back condition and asking for light work.

Jones testified that on August 7th, he hurt his back at Wel-Bilt when he was trying to lift a 55-gallon barrel filled with wood chips and sawdust. Jones says that the foreman told him he would have to empty the barrels but after he tried to pick up one of the barrels and failed the foreman sent another employee to help. Jones worked the remainder of the day but reported the alleged injury the next day.

The first doctor's report shows that Jones placed the time of the injury as being at 2:30 p.m. on the 8th day of August.

Robert Webb, Jr., the manager of Wel-Bilt testified that the barrels weighed anywhere from 45 to 80 lbs. and that during the seven or eight years that he has worked for the company no one has ever been told to pick up a barrel by himself. Webb says that barrels were never emptied after two to two-thirty in the afternoon.

Dr. Chakales examined Jones after the fusion by Dr. Logue and gave him a permanent partial disability rating of 30% to the body as a whole. He also pointed out that Jones had a "history of recurrent accidents in the fal¹ with subsequent arthrodesis of the spine from L3 to the sacrum."

Dr. Logue in his report 10/25/72 in referring to the alleged injury with Wel-Bilt stated: "I believe that his reinjury caused further instability of the already unstable back following his previous two laminectomies." However, in a subsequent deposition he testified as follows:

"Q. Doctor, would you characterize this event that occurred in August, in early August of '72, as indicated in the first paragraph of your report of September 28, as a recurrence of Mr. Jones' previous condition?

A. I would say since you couch it in those terms I would say yes. The question was posed to me earlier whether it was a recurrent disc. He didn't have a further disc but I think he further worsened an already weakened back and, therefore, I think it is a worsening of a pre-existing condition. I think that—I didn't have this detail that Dr. Chakales had when he referred this man to Dr. Rooney in that he had a flare-up on a trip to Illinois. He had several flare-ups I recall him saying but that had been several months prior to employment at Wel-Bilt, relatively symptom free and I think the symptom that happened a week or so after he went to work for them probably was a flare-up in retrospect to what occurred since he had been released by Dr. Chakales."

Obviously the factual issues before the Commission were somewhat equivocal, but when we consider that the fusion performed by Dr. Logue was the same fusion earlier recommended by Dr. Rooney, we cannot say on the record here that there was no substantial evidence to support the denial of the claim by the Commission.

Affirmed.