Wardell WILLIAMS and TG&Y STORES
*v.* Kinerd GATES et ux

81-245                                             630 S.W. 2d 34

Supreme Court of Arkansas
Opinion delivered March 29, 1982

*Rose Law Firm* and *Wright, Lindsey & Jennings,* for appellants.

*David Hodges* and *Henry Hodges,* for appellees.

FRANK HOLT, Justice. This appeal results from a jury's finding that the appellants were liable for injuries received by appellees as a result of a traffic accident. Appellee Kinerd Gates was awarded $25,000 damages and his wife, appellee Christine Gates, was awarded $5,000 for loss of consortium. Appellants first contend that the court erred in excluding the proffered testimony of the investigating officer regarding

similar automobile accidents in the near vicinity within the general time frame.

According to Gates, on January 19, 1979, he was driving his pickup truck when a vehicle ahead of him slowed and stopped to avoid a dog crossing the highway. Gates, driving about 50 m.p.h., stopped about 15′ behind the vehicle either to avoid striking the dog, the forward vehicle, or both. Although the weather was foggy, it was no real problem. It was not such that "you couldn't see your hand in front of you . . . ." "You could see pretty good out there." According to appellant Williams, an employee of appellant TG&Y Stores, he had followed Gates about a half mile and was approximately seven car lengths behind him traveling about 35 m.p.h. Upon seeing Gates' brake lights about 140′ away, he applied his brakes but his vehicle "hydroplaned," causing him to strike the rear of the Gates vehicle. He described the weather conditions as being very foggy, misting rain, and "visibility was very low." The weather conditions were such that it "would have been impossible to have avoided running into the rear of his vehicle . . . Well, the weather conditions played a major part, because it was very foggy. And visibility was very low."

Appellants proffered the investigating officer's testimony that he had received numerous reports of similar accidents in the vicinity which had occurred in the area about the same time as the accident here. When he arrived at the scene of this accident some ten minutes afterwards, a tractor trailer rig had hit appellant Williams' vehicle, which was near the highway shoulder. A Trailways bus had gone into the median near the scene. The officer subsequently investigated two other accidents within the hour and two or three miles of this one. The officer testified he was not present when any of the accidents occurred and did not know what the weather conditions were from noon until 1 p.m. when he came to this accident scene. Appellants argue that this proffered testimony of these other accidents was "relevant evidence," Rules 401 and 402, Uniform Rules of Evidence, that the weather conditions contributed to the accident. Further, its probative value was for the jury. The court refused the proffer.

Appellants cite *Little Rock Gas & Fuel Co.* v. *Coppedge,* 116 Ark. 334, 172 S.W. 885 (1915); and *Ark. Power & Light Co.* v. *Johnson,* 260 Ark. 237, 538 S.W. 2d 541 (1976), as authority for the admissibility of the proffered testimony. We first observe that the facts in these cases are quite dissimilar to those in the instant case. In *Coppedge,* the condition presented as being similar was that the gas pressure was improperly maintained in a pipe that supplied the Coppedge house as well as other customers in the area. The Coppedge stoves and those of other customers were essentially the same. In *Johnson* it appears that the parties there agreed that the physical conditions existing at the time of the subsequent accident were identical. Here the facts are obviously dissimilar. Furthermore, in *Coppedge* and *Johnson* the court allowed proof of similarity of conditions and we upheld the rulings on the basis that it was not an abuse of discretion. Here, the court refused the proffer. In *Johnson,* we said:

> Admission of evidence of subsequent incidents, like that of prior incidents poses the question of relevancy, even though the admission of the former must be approached with greater caution than the latter. Questions of relevancy address themselves to the sound judicial discretion of the trial judge. The exercise of that discretion should not be reversed on appeal except for manifest abuse.

Here, suffice it to say that appellants have not demonstrated there was a manifest abuse of discretion by the trial court.

Appellants next contend that the trial court erred in instructing the jury (AMI 2201 and 2204) that future medical expenses are a proper element of damages. They argue that these expenses are based entirely on speculation and conjecture. We cannot agree. The appellee Gates, 62 years of age, testified that he cannot turn his head very well; his nerves are "shot" since the accident, and he cannot sleep at night; he is often stiff all over; he cannot help with chores around the house; he has had to discontinue his outdoor recreational activities, such as fishing and hunting, as a result of the accident. His injury has required hospitaliza-

tion, medication and rehabilitative treatments. He is currently on medication and treatments which provide only temporary relief. As of the date of trial appellee's medical expenses were $5,599.32.

Gates produced medical testimony that as a result of the accident he suffered severely from a cervical sprain syndrome or a neck injury. He was hospitalized on four occasions: January 20-February 2, 1979; March 10-20, 1979; May 14-16, 1979; and September 16-22, 1979. He has been continuously on medication and some therapy. There is damage to the soft tissue in the neck which will cause intermittent difficulty for the rest of his life and will require future medication. An examination one month prior to trial, which was two years and three months after the accident, indicated the residual presence of chronic pain syndrome; and an arthritic condition, which became symptomatic after the accident, is irreversible and would progressively worsen. X-rays indicate some disc protrusion exists. Gates would suffer "from now on a chronic pain in the cervical area." Gates was regarded as being in good health before the accident.

We have held that it is not speculation and conjecture to calculate future medical expenses that have accrued as of the date of trial. *Belford v. Humphrey,* 244 Ark. 211, 424 S.W. 2d 526 (1968); *Haney v. Noble,* 250 Ark. 557, 466 S.W. 2d 467 (1971); and *Ark. Power & Light Co. v. Heyligers,* 188 Ark. 815, 67 S.W. 2d 1021 (1934). Here, in addition to the history of the medical expenses which had accrued and the seriousness of the injury, there is also a degree of medical certainty as to the need for future medication. We hold there is sufficient evidence from which the jury could fairly infer that future expenses for medicine and medical attention will be necessary.

Affirmed.