Harvey SHELTON *v.* THE FIRESTONE TIRE & RUBBER CO. *v.* Artie LITTLE

83-144                                                662 S.W.2d 473

Supreme Court of Arkansas
Opinion delivered December 19, 1983
[Rehearing denied January 30, 1984.]

*Compton, Prewett, Thomas & Hickey, P.A.,* for appellant.

*Blackwell, Sanders, Matheny, Weary & Lombardi,* and *The Rose Law Firm,* for appellee and cross-appellant.

*Risjord & Curtis,* and *Shackleford, Shackleford & Phillips, P.A.,* for cross-appellee.

RICHARD B. ADKISSON, Chief Justice. On June 21, 1978, Artie Little, a lady of 82 years, walking on Fourth Street in Strong, Arkansas, was struck by a side ring of an RH5° type multi-piece truck wheel mounted as the left front outside dual on a log trailer owned by appellant Harvey Shelton and pulled behind a truck driven by Shelton's employee, X. L. Baker. Baker had driven only about four blocks from Jackson Smith's Mobil Service Station where a flat tire on the left front outside dual of the trailer had been removed, repaired, and remounted on the wheel by Smith with Baker assisting only in tightening the nuts. When the wheel exploded, the ring struck Mrs. Little resulting in permanent injury.

This is the third appeal of this products liability action. The first judgment was set aside by the Court of Appeals on procedural grounds. *Firestone* v. *Little,* 269 Ark. 636, 599

S.W.2d 756 (Ark. App. 1980). The second judgment was set aside by this court on the basis that the plaintiff, Artie Little, should have been required to reveal the details of a "Mary Carter" agreement between her and defendant Harvey Shelton, whereby, for the consideration of $35,000.00 advanced by Shelton's insurance carrier, Mrs. Little agreed to hold Shelton and the insurance carrier harmless from any claims for contribution which might be made against them. *Firestone* v. *Little,* 276 Ark. 511, 639 S.W.2d 726 (1982).

On January 3-11, 1983, the case was retried. The jury returned a verdict in favor of plaintiff Artie Little, for damages in the amount of $200,000.00 and apportioned fault 30% to Firestone, 40% to Smith, and 30% to Shelton. The trial court entered judgment in accordance with the verdict.

On February 4, 1983, the trial court revised the judgment and gave effect to the "Mary Carter" agreement by setting aside the judgment against Shelton and reducing the amount of the judgment by $60,000.00, the amount attributed to the 30% fault of Shelton. As to the remaining $140,000.00, the trial court then fixed the liability, jointly and severally, on Smith and Firestone alone. On this same date, Firestone tendered in open court a check in the amount of $100,000.00 (less costs) which would satisfy its share of the judgment, *i.e.,* $60,000.00 (representing 30% of fault attributed to it) plus $40,000.00 (representing 1/2 of 40% fault attributed to Smith who was insolvent). Later, the trial court again revised its judgment, granting Firestone judgment against Smith in the amount of $40,000.00 pursuant to its claim for contribution.

First, we consider Shelton's appeal of insufficient evidence of negligence. On appeal we will not reverse the verdict of the jury if there is substantial evidence to support it. *Tinsley* v. *Cross Development Co.,* 277 Ark. 306, 642 S.W.2d 286 (1982). The record reflects that Shelton bought the 1971 truck and trailer used from another party and that on the day of the accident the trailer had the same wheels on it that were on it when Shelton bought it. Shelton testified that although he checked the truck weekly and would not knowingly have used an RH5° type wheel, he never checked

the wheels nor substituted new or used wheels for any of the original wheels. The record further reflects that, when the wheel was removed to fix the flat, Shelton's truck driver, Baker, discussed with Smith that the wheel was "one of them old dangerous wheels." Notice to an employee obtained during the course and scope of his employment may be attributed to his principal. *Collins* v. *Arkansas Cement Co.,* 453 F.2d 512 (8th Cir. 1972); *West Tree Services, Inc.* v. *Hopper,* 244 Ark. 348, 351, 425 S.W.2d 300, 302 (1968); *Hignight* v. *Blevins Implement Co.,* 220 Ark. 399, 401, 247 S.W.2d 996, 997 (1952). We find the failure to inspect the used vehicle's wheels coupled with the decision to knowingly drive the vehicle with a dangerous wheel constitute sufficient evidence to support the jury's finding of negligence.

Second, we consider Firestone's point on appeal that the trial court erred in its modification of the judgment wherein it refused to grant Firestone contribution against Shelton for one-half of the judgment against Smith who is unable to pay. In revising the judgment, the trial court, in effect, gave application to the "Mary Carter" agreement (a separate agreement between Artie Little and Shelton) to the point that it controlled the joint and several liability of all the defendants. In this respect the trial court erred. The "Mary Carter" agreement should not have been the basis for relieving Shelton of his share of the liability determined by the jury. The trial court may not set aside the jury verdict unless the verdict is clearly against the preponderance of the evidence. *Clayton* v. *Wagnon,* 276 Ark. 124, 633 S.W.2d 19 (1982). Accordingly, we conclude the trial court erred in revising the judgment so as to eliminate a judgment against Shelton.

Third we consider the issue as to whether Firestone is at this point entitled to contribution from Shelton in the amount of $40,000.00 to satisfy one-half of the judgment against Smith. The real issue here is whether Firestone is entitled to contribution of a joint tortfeasor under the Uniform Contribution Among Tortfeasors Act (codified as Ark. Stat. Ann. §§ 34-1001 — 34-1009) *before* the judgment is paid to the injured party. Section 34-1002 of the Act provides

in part: "(2) A joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof." See also *Burks Motors* v. *Int'l Harv. Co.*, 250 Ark. 641, 646, 466 S.W.2d 945 (1971). Had Firestone submitted in open court the full amount of the unsatisfied judgment ($140,000.00) as per Ark. Stat. Ann. § 34-1002 and then moved for contribution, it would have been proper for the trial court to have granted contribution. Accordingly we conclude that Firestone is entitled to contribution from Shelton when, and only when, it has paid more than its pro rata share. Upon remand Firestone should be allowed the opportunity to tender the amount of the judgment and proceed to move for contribution.

Reversed and remanded for judgment and other proceedings consistent with this opinion.