Jerry L. HONEYCUTT *v.* Jill J. WALDEN

87-254                                                   743 S.W.2d 809

Supreme Court of Arkansas
Opinion delivered February 1, 1988

*Compton, Prewett, Thomas & Hickey, P.A.*, for appellant.

*Shackleford, Shackleford & Phillips, P.A.*, for appellee.

STEELE HAYS, Justice. This is a tort case, giving this court jurisdiction under Ark. Sup. Ct. R. 29(1)(o). Jill Walden sued Jerry Honeycutt for injuries sustained in a motor vehicle collision with Honeycutt. The case was tried to a jury and a verdict for the plaintiff was returned for $32,500 in compensatory damages and $12,000 in punitive damages.

Jerry Honeycutt alleges three points for reversal: it was error to submit the issue of punitive damages to the jury; it was error to include element No. 2 of AMI 2201 (the present value of any loss of ability to earn in the future); and it was error to include element No. 5 of AMI 2201 (the present value of expenses reasonably certain to be required in the future). We find that the jury was properly instructed and, accordingly, we affirm the judgment.

I

Jerry Honeycutt argues that punitive damages are not favored in the law and are to be granted only where the defendant's actions are malicious or oppressive. *Diamond Shamrock Corp.* v. *Phillips*, 256 Ark. 923, 511 S.W.2d 164 (1974). He submits that negligence alone, no matter how gross, will not sustain an award of punitive damages [*St. Louis Iron Mountain and Southern Railroad Co.* v. *Dysart*, 89 Ark. 261, 116 S.W. 24 (1909)], unless the defendant's conduct is characterized by willfulness, wantonness or a conscious indifference to the consequences. *St. Louis Southwest Railroad Co.* v. *Evans*, 104 Ark. 89, 148 S.W. 264 (1912).

Honeycutt points out that there was no proof of excessive speed on his part, that he stopped the first passing motorist to call the police and, while tested for intoxication, he registered only .08 on the breathalyzer. In short, he insists that substantial evidence to support the verdict is lacking. *Kroger Co. v. Standard*, 283 Ark. 44, 670 S.W.2d 803 (1984).

However, the arresting officer testified concerning sobriety tests he administered to Honeycutt following the collision. He described Honeycutt as "very unstable," that he "swayed back and forth or to each side," that he had trouble understanding the directions being given to him and his speech was "very slurred." The officer said Honeycutt missed his nose entirely in attempting the finger to nose test and was unable to count to ten without jumping from "one to four, two to five, and things of this nature." There was other proof on the issue which, viewed in its entirety and from its strongest probative force [*Shaver* v. *Vowell*, 288 Ark. 558, 707 S.W.2d 772 (1986)] readily sustains the verdict for punitive damages. We have held any number of times that malice may be inferred from the operation of a motor vehicle, a potentially lethal machine, by one whose judgment, responses and coordination are impaired by alcohol. *Holmes* v. *Hollingsworth*, 234 Ark. 347, 352 S.W.2d 96 (1962); *Hall* v. *Young*, 218 Ark. 348, 236 S.W.2d 431 (1951); *Miller* v. *Blanton*, 213 Ark. 246, 210 S.W.2d 293 (1948).

II

Secondly, Honeycutt contends there was no proof from which the jury could infer that Jill Walden had a loss of ability to earn in the future. Appellant maintains that the case of *Duncan* v. *Foster*, 271 Ark. 591, 609 S.W.2d 62 (1980) is controlling. We disagree. William Duncan sued Roger Foster for personal injuries which Duncan sustained in a motor vehicle collision with Foster. The trial court, sitting as a jury, awarded Duncan damages of $20,000, which it then reduced by 30% on the basis of Duncan's comparative fault. On appeal Duncan argued that the court erred in refusing to award damages for loss of future earnings. On review, this court noted that there was no specific proof that Duncan's earning capacity would be diminished, nor any evidence that he had, in fact, experienced reduced earnings.

The only proof seems to have been equivocal testimony from a physician that some people with a comparable injury could work, whereas some could not, depending on one's tolerance of pain. We held the findings of the trial court were not clearly erroneous, but that is not to say that had damages for loss of future earnings been awarded we would have found error. The cases are subject to different standards on review, the issue here being whether there was proof to sustain the award, examined in a light most favorable to the appellee, who prevailed below.

■ An award of damages for loss of earning capacity is not dependent on specific evidence thereof. *Coleman* v. *Cathey*, 263 Ark. 450, 565 S.W.2d 426 (1978); *Haney* v. *Noble*, 250 Ark. 557, 466 S.W.2d 467 (1971). A serious or permanent injury may sustain the submission of the issue of loss of earning capacity to the jury. *Missouri Pacific Railroad Co.* v. *Miller*, 227 Ark. 351, 299 S.W.2d 41 (1957); *Coleman* v. *Cathey, supra.* Ms. Walden's proof included testimony from an orthopedist that she had sustained a permanent disability of 10% to the body as a whole, restricting her ability to work with her arms overhead or stretched out ahead of her. An ear, nose and throat specialist testified to permanent nerve damage causing drooling and slurring of words, that neck and back problems interfered with her ability to lift, which her work required. We think the proof justified the submission of the issue to the jury.

### III

Jerry Honeycutt insists there was no proof that medical expenses were reasonably certain to be incurred in the future and it was error to instruct the jury on that element of damage.

■ The recovery of future medical expenses does not require the same certainty as the recovery of past medical expenses. *Matthews* v. *Rodgers*, 279 Ark. 328, 651 S.W.2d 453 (1983). Ms. Walden points to proof that she was undergoing physiotherapy three times a week at a cost of $106 per session, such treatments to continue indefinitely, and to the testimony of Dr. Pillsbury that he would continue to see Ms. Walden every three or four months to examine the movement of her tongue and mouth and the numbness in her face, with a charge of $20 for each appointment. We have held that future medical expenses involve

consideration of permanency of the injuries, whether the individual is still under treatment, is still receiving medication, or still experiencing pain. All of these factors exist to some degree in the proof and we cannot say the trial court erred in submitting the question of future medical expenses to the jury. *William* v. *Gates*, 275 Ark. 381, 630 S.W.2d 34 (1982); *Bilford* v. *Humphrey*, 244 Ark. 211, 424 S.W.2d 526 (1968); *Vogler* v. *O'Neal*, 226 Ark. 1007, 295 S.W.2d 629 (1957); *Arkansas Power & Light Co.* v. *Heyligers*, 188 Ark. 815, 67 S.W.2d 1021 (1934).

Affirmed.