United States Court of Appeals,

Fifth Circuit.

No. 93-7664.

INDUSTRIAL INDEMNITY COMPANY, Plaintiff-Appellee,

v.

TRUAX TRUCK LINE, INC., and Commercial Union Insurance Co., Defendants-Appellants.

March 1, 1995.

Appeal from the United States District Court for the Southern District of Mississippi.

Before KING and BENAVIDES, Circuit Judges, and LAKE,[*] District Judge.

BENAVIDES, Circuit Judge:

Commercial Union Insurance Company ("Commercial Insurance") and Truax Truck Line, Inc., ("Truax") appeal the judgment entered against them in this diversity suit, arguing that the appellee, Industrial Indemnity Insurance Company ("Industrial Insurance"), had coverage for a highway accident pursuant to the policy it had issued to Ultimate Transportation, Inc., and that the theory of unjust enrichment should not be applied to expand the coverage of the contract issued by Commercial Insurance. The court below granted Industrial Insurance reimbursement for payments it had made pursuant to an endorsement attached to Ultimate's insurance policy.

Previously, in state court, Industrial Insurance had undertaken the defense of Truax and paid a judgment and a settlement on behalf of Truax. After having done so, it then filed

---

[*]District Judge of the Southern District of Texas, sitting by designation.

suit in the court below claiming that Truax was not its insured and seeking indemnity from Truax and also from Commercial Insurance on the basis of fraud, contract, and unjust enrichment. The district court rejected the claims of fraud and contract.[1] The only question is whether the district court properly granted Industrial Insurance recovery under its unjust enrichment theory. Finding no unjust enrichment, we reverse.

I. FACTS AND PROCEDURAL HISTORY

Industrial Insurance, the plaintiff-appellee, brought suit against the following defendants-appellants: Commercial Insurance, Truax, Allan Habetz, and MacKenzie Insurance Agencies. The claims against MacKenzie were severed prior to trial, and MacKenzie is not a party to this appeal.

After a bench trial, the district court found the facts as follows. In 1987, Allan Habetz was vice-president and general manager of Truax Truck Line, Inc. Habetz desired to expand the company. Because there were insufficient funds for the additional insurance that would be needed for such expansion, Habetz responded to an advertisement for low-cost insurance coverage. Habetz went to the offices of Universal Management, Inc., in Hammond, Louisiana, and met with Jerry Byrd. Byrd explained that under Universal's program, Truax would sublease its leased trucks to an outfit known as Ultimate Transportation, Inc. Universal was

---

[1]The district court's disposition of the fraud and contract claims are not challenged on appeal; however, the district court's findings with respect to these claims have assisted us in the determination of this appeal.

purported to be an agent for Ultimate.

It was proposed that Truax would operate under the Ultimate ICC (Interstate Commerce Commission) permit and save on its insurance premiums. Pursuant to the arrangement, Truax paid Ultimate a flat rate per month per truck. Truax was to be given authority as an agent of Ultimate for the purpose of contracting with shippers to handle their loads.

On July 1, 1987, David Sharpley, a truck owner/operator, entered into a one-year lease of his truck to Truax. On July 9, 1987, Ultimate, through Universal, purported to enter into an agency agreement with Truax. On September 15, 1987, Ultimate and Truax purportedly entered into a hold harmless and grant of authority which they assert is part of their agency agreement.

On September 14, 1987, Truax was added as a named insured on a certificate of insurance and endorsement in regard to the Ultimate policy issued by Industrial Insurance. The district court found there was a substantial question as to whether the Truax certificate of insurance and endorsement was valid. Nevertheless, it is undisputed that Industrial Insurance had a valid policy in existence issued to Ultimate Transportation and that that policy included a hired auto provision and the BMC-90 endorsement. The endorsement requires an insurer to pay any judgment for a member of the injured public against an insured regardless whether the insurance policy specifically covers the vehicle. The endorsement also provides that the insured must reimburse the insurer for any payment made that the insurer would not have had to pay for but for

3

the endorsement.

Subsequently, on September 19, 1987, Truax leased Sharpley's truck to Ultimate.  Habetz and Commercial Insurance claim that this lease amounts to a sublease under the original lease.  Sharpley also leased the same truck to Ultimate in a separate document.  This was claimed to be a confirmation by Sharpley of the sublease of his truck to Ultimate.

On October 5, 1987, Sharpley, driving the truck he leased, collided with a Highway Department dump truck.  The collision killed one highway employee, Robert Evans, and injured another one, Michael Mitchell.  That same day, Sharpley informed Habetz of the accident.  Habetz attempted to report it to Byrd, but did not reach him till the next day, October 6, 1987.  The Mississippi Highway Patrol investigated the accident, and Sharpley advised the patrolman that he owned the truck but that it was leased to Truax. The highway patrolman found Truax placards on both doors of the truck but did not see any other name on the truck.

On November 3, 1987, Evans' heirs sued Sharpley and Truax in Mississippi state court.  Truax was served with summons and a copy of the complaint filed by Evans on November 10, 1987.  Habetz called Byrd, and Byrd directed Habetz to forward the summons and complaint to him, and then he would forward it to MacKenzie Insurance Agency.  The next day Habetz forwarded the documents to Byrd.  According to their file, MacKenzie received the documents on November 26, 1987.  The claims clerk at MacKenzie testified that she forwarded the documents that same day by United States mail to

4

the claims office of Industrial Insurance in San Francisco, California.

The next known person to see the documents was an adjustor with Industrial Insurance, Mr. Hickman, who "discovered" the summons and complaint on his desk on December 17, 1987. The following day, Hickman employed a law firm to represent Industrial Insurance.

Meanwhile, on December 11, 1987, a default judgment in the amount of $5 million had been entered against Sharpley and Truax. Prior to that, the attorney for the Evans family had phoned Habetz and inquired as to the liability limits of the insurance and Habetz advised that it was $5 million. Additionally, prior to the default judgment, the Evans' attorney had called Habetz and notified him that no one had filed an answer in the suit. Habetz testified that after both of those calls from the attorney, he had relayed this information to Byrd at Universal.[2]

On December 29, 1987, a motion to set aside the default judgment was filed. On February 26, 1988, a letter was sent to Commercial Insurance informing them (for the first time) of the accident and the lawsuit.[3] On March 4, 1988, a hearing was held on motion to set aside the default judgement. On April 21, 1988, the state court set aside the default judgment as to Sharpley, but as

---

[2]Byrd was not called as a witness at this trial.

[3]At the time of the accident the insurance policy issued by Commercial Insurance to Truax did *not* cover Sharpley's truck; however, the required BMC-90 endorsement was attached to the policy.

to Truax only the amount of damages was set aside.

On July 23, 1988, a "writ of inquiry hearing" was held in state court at which Sharpley and Truax were represented by the law firm hired by Industrial Insurance. Five days later, Industrial Insurance wrote a letter to Commercial Insurance, demanding that it assume the defense of Sharpley and Truax. Industrial Insurance also sent a reservation of rights letter to Truax.

On August 1, 1988, the state court entered judgment on the writ of inquiry against Truax in the amount of $418,965.50. On August 16, 1988, Industrial Insurance paid that judgment with interest. On November 30, 1988, the court granted Sharpley's motion to dismiss the Evans suit as to him because Industrial Insurance had paid the damages in full. Additionally, Industrial Insurance settled the Mitchell claim for $70,000.

*CONCLUSIONS OF THE DISTRICT COURT*

In the court below, Industrial Insurance argued that the defendants were liable on the following three theories: fraud, contract, and the equitable theory of unjust enrichment. The court rejected the allegation of fraud, finding that although there was some indication that Universal Management and Ultimate were attempting to defraud the trucking and insurance companies, Industrial Insurance had not shown by clear and convincing evidence that Habetz or Truax was guilty of fraud. Ultimate and Universal were no longer in business at the time the lawsuit was filed and were not named as defendants.

The court also rejected the contract claim against Truax.

6

Industrial Insurance argued that the insurance policy issued to Ultimate did not cover Truax because the leases were invalid, and thus, Truax had to reimburse Industrial Insurance pursuant to the express requirements in the BMC-90 endorsement. The BMC-90 endorsement provides that an *insured* must reimburse the insurer for any payment made but not covered under the policy. The court found that this theory failed because the position of Industrial Insurance was that Truax was not an insured. Additionally, relying on *Canal Insurance Co. v. First General Insurance Co.,* 889 F.2d 604 (5th Cir.1989), the court held that Industrial Insurance was precluded from using the BMC-90 endorsement to obtain relief on a contract theory from Commercial Insurance.

Finally, the court granted Industrial Insurance recovery on its claim that Truax and Commercial Insurance were unjustly enriched as a result of Industrial Insurance paying the Evans' judgment and Mitchell's settlement. The court further awarded Industrial Insurance its attorneys' fees.

## II. ANALYSIS

A. WHETHER TRUAX WAS UNJUSTLY ENRICHED.

Truax and Commercial Insurance argue that Truax and Sharpley were insured under the policy issued by Industrial Insurance to Ultimate. Thus, they argue that the payments made by Industrial Insurance did not result in unjust enrichment.

It is undisputed that Ultimate Transportation had a valid insurance policy in existence on October 5, 1987, that was issued by Industrial Insurance and that policy included a hired auto

7

provision, along with the required BMC-90 endorsement. The dispute is whether Sharpley's truck, which was leased to Truax and "subleased" to Ultimate, was covered under the hired auto provision.

The district court opined that Industrial Insurance "mistakenly" paid the judgment pursuant to the BMC-90 endorsement.[4] Apparently the district court found that the payment by Industrial Insurance was "mistaken" because Truax did not transfer exclusive possession and control and use of the truck to Ultimate pursuant to the leases, and thus, the leases violated certain ICC regulations. Bench Opinion at 684-88 (citing 49 C.F.R. Section 1057.11(c)). As the appellants point out, the trial court did not specifically address the coverage provided by Industrial Insurance, but seemed to assume that if Ultimate's leases violated ICC regulations, then Industrial Insurance had no coverage of the accident.

The parties are in vigorous dispute regarding whether the leases were valid and whether Truax was covered under the hired auto provision of Ultimate's insurance policy.[5] Assuming without deciding that Industrial Insurance did *not* have coverage of the accident in question, it must be determined whether Truax was unjustly enriched. The Mississippi Supreme Court has opined as

_____

[4]In its brief, however, Industrial admits that both it and Commercial Union were liable to members of the public under the BMC-90 endorsement.

[5]*See Carolina Casualty Insurance v. Underwriters Insurance Co.,* 569 F.2d 304, 313-14 (5th Cir.1978) (to determine coverage, this Court looks to the express terms of the policy and can look to lease agreements and ICC regulations).

8

follows on the concept of unjust enrichment:

> The Restatement of Restitution ... provides, if payment is made, even by mistake, to a creditor of a third person to satisfy a just debt of that third person, the payor has no right of restitution of or from the third party. Restatement of Restitution § 14(1) (1936). *Accord, United States v. Bedford Associates,* 713 F.2d 895, 905 (2nd Cir.1983), *Equilease Corp. v. Hentz,* 634 F.2d 850, 853 (5th Cir.1981), and *Strubbe v. Sonnenschein,* 299 F.2d 185, 191-92 (2nd Cir.1962). To be sure, this is not so if the third person has procured the mistake or participated in or caused a breach of some duty imposed in law, but where nothing like this has happened, the enrichment is not unjust and the payor must instead look to the party whose debt has been paid, through subrogation or some such theory.

*Omnibank v. United Southern Bank,* 607 So.2d 76, 92 (Miss.1992).

In the case at bar, the district court, without citation of authority, found that Truax had been unjustly enriched:

> The third theory of recovery by Industrial Indemnity is one of unjust enrichment and is asserted against Truax and Commercial Union. Its argument against Truax is that since Truax had the exclusive possession, control, and use of the equipment at the time of the accident and was required to assume complete responsibility therefor under the ICC regulations, that Truax was liable ultimately for the damages that it caused; that Industrial Indemnity *mistakenly* paid those damages on behalf of Truax; and therefore that Truax was unjustly enrichment and should be reimbursed. The Court agrees with Industrial Indemnity and will hold that Industrial Indemnity is entitled to indemnity under the theory of unjust enrichment against Truax....

Bench Opinion at 693 (emphasis added).

Although the district court found that Truax was unjustly enriched, it did not determine whether Truax procured the "mistake" or participated in or caused a breach of some duty imposed in law. Nonetheless, the court's statements in the context of rejecting the claim of fraud against Truax indicate that the court did not find Truax procured the "mistake":

> The Court finds that although there is indication that

9

Universal Management and Ultimate were engaged in some type of fraudulent scheme to defraud not only Industrial Indemnity but also the trucking companies from which it solicited business, that the plaintiff has not proved by clear and convincing evidence, which is required in regard to proof of fraud, that Habetz or Truax Truck Lines was guilty of any fraud and accordingly finds that the Plaintiff has failed to prove its allegations under its theory of fraud as to Habetz and Truax.

Additionally, we note that Truax paid a substantial amount (approximately $1500 per month) to Universal in order to be covered under Ultimate's insurance policy, and Industrial Insurance does not dispute that it received a premium from Ultimate for the hired auto coverage.  We are inclined to agree with the district court's observation that Universal and Ultimate may have engaged in a scheme to defraud Industrial and Truax.  Accordingly, because the district court refused to find any wrongful conduct on the part of Truax as alleged by Industrial Insurance, and because the court found not only that Industrial Insurance had failed to prove that Truax was guilty of any fraud, but also (at least implicitly) found that Truax was a victim of this scheme, the finding of unjust enrichment cannot be upheld.

B. WHETHER COMMERCIAL INSURANCE WAS UNJUSTLY ENRICHED.

It is undisputed that the insurance policy issued by Commercial Insurance to Truax in effect at the time of the accident did *not* cover Sharpley's truck.  However, pursuant to the BMC-90 endorsement attached to that policy, Commercial Insurance could have been held liable for a judgment against Truax up to the $750,000 policy limit.[6]  The court below found:

---

[6]Pursuant to the terms of the endorsement, Commercial Union then could have recovered from Truax any amount that was not

10

> that since Commercial Union was responsible under the *endorsement* for any judgment and claims against Truax while operating this truck, since it was in the exclusive possession, control, and use of Truax and further, since Industrial Indemnity had, in effect, paid the obligation of Commercial Union, Commercial Union has been unjustly enriched by the payment of Industrial Indemnity.

Bench Opinion at 694 (emphasis added).

This Court has explained that "[w]here ... a policy does not provide coverage for nonlisted vehicles except to third-party members of the public through operation of ICC form endorsement BMC 90, the policy provides no coverage for purposes of disputes among insurers over ultimate liability." *Canal Insurance Co. v. First General Insurance Co.,* 889 F.2d 604, 611 (5th Cir.1989). The court below, in its analysis of the contract claim against Commercial Insurance, acknowledged the holding in *Canal,* and stated that "[t]he Court's understanding of this part of Canal is that Industrial Indemnity may not use the endorsement coverage in order to obtain relief from Commercial Union." Bench Opinion at 692-93. Nevertheless, as set forth above, the district court found that Commercial Insurance had been unjustly enriched because it would have been liable under the endorsement.

Apparently recognizing this conflict in the district court's opinion, Industrial Insurance argues that it does not seek to recover from Commercial Insurance under the "endorsement but under the equitable doctrine of unjust enrichment for claims which Commercial should have paid because of the BMC endorsement." This

---

covered by the policy.

11

argument is not persuasive.[7]  Industrial Insurance seeks through the back door what this Court has not allowed through the front door.  Indeed, this Court has observed that the policy behind the endorsement is to assure that injured members of the public would be able to satisfy judgments against negligent truckers.  *Canal,* 889 F.2d at 611.  "[T]his policy has no application to coverage disputes among insurers."  *Id.*  Moreover, it strains logic to find that, as a matter of Mississippi law, because Industrial Insurance complied with this federal policy, Commercial Insurance was unjustly enriched.[8]  Finally, Commercial Union did absolutely nothing to incur liability for Industrial's payment under an unjust enrichment theory.  Accordingly, the district court's finding that Commercial Insurance was unjustly enriched cannot stand.

CONCLUSION

For the reasons set forth above, we REVERSE the district court's judgment awarding Industrial Insurance recovery on its unjust enrichment claims and RENDER a take nothing judgment in favor of Commercial Insurance and Truax.  REVERSED AND RENDERED.

---

[7]Industrial also argues that *Canal* is distinguishable because, in that case, one of the insurance companies provided coverage without regard to the BMC-90 endorsement, and in this case, neither of the insurance companies provide coverage without the endorsement.  We find this to be a distinction without a difference.

[8]This is especially true in light of Industrial's admission that "[it] is not disputed by either insurer that the BMC-90 endorsement would render either Industrial or Commercial responsible for the claims asserted by the members of the public."