# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3726

_____

Redland Insurance Company, as     *
Assignee of Charlene Harvell and   *
Lonnie Joe Harvell,                *
                                   *
          Appellee,                *
                                   *
     v.                            *
                                   *
Shelter Mutual Insurance Company,  *
                                   *
          Appellant,               *
                                   *
Robert McAdams, Douglas G. Voyles, *
                                   *
          Appellees.               *

_____

No. 98-3763

_____

Redland Insurance Company, as     *
Assignee of Charlene Harvell and   *
Lonnie Joe Harvell,                *
                                   *
          Appellant,               *
                                   *
     v.                            *
                                   *
Shelter Mutual Insurance Company,  *
                                   *
          Appellee,                *

Appeals from the United States
District Court for the
Eastern District of Arkansas.

Robert McAdams, Douglas G. Voyles,     \*
           \*
           \*
      Appellees.          \*

———————

Submitted:  September 14, 1999

Filed:  October 12, 1999
———————

Before WOLLMAN, Chief Judge, HEANEY, and BEAM, Circuit Judges.
———————

HEANEY, Circuit Judge.

This case is before us for a second time.  The facts giving rise to this action are adequately set forth in our prior opinion.  See Redland Ins. Co. v. Shelter Gen. Ins. Cos., 121 F.3d 443 (8th Cir. 1997).  In the first appeal, we decided that Redland could not avoid its responsibility as an insurer of a joint tortfeasor to pay its equitable share of the judgment by purchasing an assignment of the judgment from the Harvells (plaintiffs in the underlying tort action) and then collecting 100% of that judgment from the remaining joint tortfeasors.  We determined, however, that Redland's complaint in its action to collect the purportedly assigned judgment was sufficient to state an alternative cause of action for contribution.  We therefore remanded the case to the district court with instructions to permit Redland to proceed with an action for contribution.  See id. at 446.

On remand, the district court concluded that Arkansas law entitled Redland to seek contribution from Shelter as a joint tortfeasor, rejecting Shelter's argument that the federally-mandated MCS-90 endorsement required coverage for public liability only, and not for purposes of disputes among insurers over ultimate liability.  However,

the district court also determined that the record was insufficient to establish that Redland had in fact fully satisfied the judgment obtained by the Harvells in the underlying tort action, a precondition under Arkansas law to an action for contribution. The district court thus dismissed Redland's contribution action without prejudice. See Redland Ins. Co. v. Shelter Gen. Ins. Cos., No. J-C-95-261 (E.D. Ark. Sept. 23, 1998).

Shelter appeals the district court's decision that Redland may seek contribution, and Redland cross-appeals from the district court's decision that Redland failed to demonstrate that it was entitled to contribution. Redland has moved to supplement the record on appeal with a satisfaction of judgment executed by the Harvells after the district court's dismissal of Redland's action against Shelter. This document indicates that Redland satisfied the Harvells' judgment when it paid them $505,782.21 for the purported assignment. We now affirm the district court's determination that Redland may seek contribution. Further, we grant Redland's motion to supplement the record on appeal, reverse the district court's dismissal of Redland's contribution action, and remand for entry of judgment in favor of Redland.

We agree with the district court that the federally-mandated MCS-90 endorsement does not bar Redland from seeking contribution as provided by Arkansas law. Although it is true that the endorsement and the pertinent regulations of the now-defunct Interstate Commerce Commission (ICC) address only public liability and "do not fix the liability between insured or insurance companies," Grinnell Mut. Reinsurance Co. v. Empire Fire & Marine Ins. Co., 722 F.2d 1400, 1404 (8th Cir. 1983), we believe the regulations' silence on the issue does not require preemption of state-law doctrines that do resolve such questions, see Occidental Fire & Cas. Co. v. International Ins. Co., 804 F.2d 983, 986 (7th Cir. 1986) (holding that as long as injured member of public is compensated, state laws and private agreements may be applied to allocate ultimate financial burden); Carolina Cas. Ins. Co. v. Insurance Co. of N. Am., 595 F.2d 128, 138 n.31 (3d Cir. 1979) (stating that preemptive effect ICC

regulations may have upon state regulation of motor carriers does not extend to displace state-law doctrines regarding, inter alia, respondeat superior and contribution among tortfeasors).

To the extent this position runs contrary to the position taken by the Fifth Circuit in such cases as John Deere Insurance Co. v. Truckin' USA, 122 F.3d 270, 274-75 (5th Cir. 1997), and Industrial Indemnity Co. v. Truax Truck Line, Inc., 45 F.3d 986, 991-92 (5th Cir. 1995), we decline to follow those cases. We agree with the district court that the policy embodied in the regulations, namely, ensuring speedy satisfaction of judgments attributed to negligent truckers, is best served by a rule that allows ultimate financial burdens to be allocated *after* injured members of the public are compensated. To hold otherwise would encourage insurers that are jointly and severally liable either to engage in wrangling over such allocations *before* the public is compensated, or to play what Redland aptly terms a game of "chicken," attempting to evade being tagged first by the injured party and thereby shouldering the entire financial liability.

We also agree with the district court that Arkansas law permits Redland to seek contribution from Shelter as a "joint tortfeasor" under Ark. Code Ann. § 16-61-201 (Michie 1987) ("'joint tortfeasors' means two (2) or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been rendered against all or some of them"). Our reading of Arkansas law indicates that Redland's contribution action is not defeated merely because the tort liability shared by the two insurers arises by virtue of principles of vicarious liability. See Shelton v. Firestone Tire & Rubber Co., 662 S.W.2d 473, 474-75 (Ark. 1983) (noting that after tendering amount of judgment, directly-liable joint tortfeasor should be permitted to seek contribution from joint tortfeasor whose liability arose by virtue of employer-employee relationship).

Because we believe the district court correctly determined that Redland is entitled to contribution from Shelter, we believe we can best ensure a just and speedy

resolution of this case by granting Redland's motion to supplement the record. Although we decline to decide whether or not the satisfaction of judgment is necessary to establish that Redland has fulfilled the conditions of Arkansas law for seeking contribution, see Ark. Code Ann. § 16-61-202(2) (Michie 1987) (joint tortfeasor is not entitled to contribution until making payment discharging the common liability), we believe it is certainly sufficient to establish that Redland has extinguished the liability shared by the joint tortfeasors. We thus grant Redland's motion to supplement the record and remand to the district court for entry of judgment in favor of Redland in the amount of $252,891.11 (50% of the amount Redland paid the Harvells), plus 6% interest from the date Redland made the Harvells whole.[1]

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]Although the satisfaction of judgment indicates Redland paid the Harvells on an unspecified date in August 1995, Redland represents that it made the payment to the Harvells on August 15, 1995. Shelter does not dispute this date.