2004 VT 19

**Sarah BOLSTA v. Michael JOHNSON**

[848 A.2d 306]

No. 03-004

¶ 1. March 4, 2004. Appellant Sarah Bolsta appeals the trial court's denial of a punitive damages award in her personal injury action based upon a motor vehicle collision caused by a drunk driver, Michael Johnson. We agree that the actions of the driver do not constitute the kind of malicious, intentional acts that punitive damages are designed to address, and therefore, we affirm.

¶ 2. The accident occurred in September 1999. Johnson failed to stop at an intersection controlled by a stop sign, causing a collision with appellant's oncoming vehicle. Appellant's car was totaled, and she suffered several injuries, including a broken kneecap and permanent damage to her knee mechanism. According to witness testimony, immediately after the accident Johnson took beer bottles from his vehicle, and broke them on the road. The officer who conducted the investigation of the accident concluded that Johnson was at fault. Johnson was uninsured.

¶ 3. Johnson was processed for driving under the influence of alcohol, and was found to have a BAC of 0.156 approximately two hours after the accident. Johnson stated that he had consumed two beers and three shots in the hour prior to the accident, and admitted being "slightly" under the influence of alcohol. Johnson had a suspended license — resulting from a prior DUI conviction — and three prior convictions for driving with a suspended license in Vermont. He was charged in district court with DUI, second offense, and with driving with a suspended license, fourth offense. John-son entered no contest pleas to both charges.

¶ 4. Appellant commenced a personal injury action against Johnson and against appellant's uninsured motorist insurance carrier, Concord General Mutual Insurance Co. In her complaint, she sought both compensatory and punitive damages for Johnson's negligence. Because Johnson failed to answer or make an appearance, appellant was granted a default judgment. Appellant and Concord Mutual reached a settlement, and the insurance carrier was dismissed from the case. The court then determined that Johnson owed appellant compensatory damages in the amount of $131,921.35. The court rejected appellant's motion for punitive damages, finding that the standard articulated in *Brueckner v. Norwich University*, 169 Vt. 118, 730 A.2d 1086 (1999), had not been met, as there was no evidence of the requisite element of malice. This appeal followed.

¶ 5. Punitive damages are permitted upon evidence of malice, "'[w]here the defendant's wrongdoing has been intentional and deliberate, and has the character of outrage frequently associated with crime.'" *Id.* at 129, 730 A.2d at 1095 (quoting W. Keeton et al., Prosser and Keeton on the Law of Torts § 2 (5th ed. 1984)). Actual malice may be shown by conduct manifesting personal ill will or carried out under circumstances evincing insult or oppression, or conduct showing a reckless disregard to the rights of others. *Id.* In any case, however, there must be some evidence of bad motive, as mere negligence or even recklessness are not sufficient to show malice and therefore do not justify the imposition of punitive damages. *Id.* at 130, 730 A.2d at 1095. Accordingly, in *Brueckner* we found that it was inappropriate to impose punitive damages against Norwich University for its conscious inaction and inattention to the issue of hazing despite numerous — often serious — incidents, because there

was no evidence of bad motive. *Id.* at 130-31, 730 A.2d at 1095-96.

¶ 6. Appellant claims that Johnson's conduct and history of conduct is either sufficient to prove malice as required for punitive damages under the *Brueckner* standard or, alternatively, that the standard should be amended. Appellant argues that punitive damages are warranted when a repeat drunk driver or a person who repeatedly drives with a suspended license injures another driver through negligent driving. Appellant asserts that to purposefully and repeatedly commit these crimes requires a bad spirit or wrong intention, because the driver consciously chooses to pursue a course of conduct knowing that it creates a substantial risk of significant harm to others. According to appellant, the reasoning used to deny punitive damages to the plaintiff in *Brueckner* is inapposite in this case, as the conduct at issue is distinguishable. Appellant argues that unlike defendant Norwich University in *Brueckner*, defendant Johnson willfully committed criminal acts. In essence, defendant would have us adopt a rule that drunk driving is per se evidence of malice sufficient to impose punitive damages in every case in which the negligent act of a drunk driver causes injury. We are unwilling to do so because such a rule would be inconsistent with our standard for imposing punitive damages.

¶ 7. We have previously rejected the contention that violation of the law is sufficient evidence of malice. Willful violation of the law is insufficient evidence of malice, if not accompanied by "a showing of bad faith." See *Bruntaeger v. Zeller*, 147 Vt. 247, 254, 515 A.2d 123, 127 (1986) (punitive damages properly denied despite violation of consumer fraud statute because defendant's conduct was wrongful but not malicious); *Meadowbrook Condo. Ass'n v. S. Burlington Realty Corp.*, 152 Vt. 16, 28, 565 A.2d 238, 245 (1989) (willful violation of consumer protection statute is wrongful conduct, but not evidence of degree of malice required for punitive damages). However wrongful, Johnson's conduct does not evince more than a reckless disregard of the right of others. As we pointed out in *Brueckner*, allowing punitive damages solely on that basis presents "'the danger of . . . a test which may be so flexible that it can become virtually unlimited in its application.'" *Brueckner*, 169 Vt. at 131 n.3, 730 A.2d at 1096 n.3 (quoting *Owens-Illinois, Inc. v. Zenobia*, 601 A.2d 633, 651 (Md. 1992)).

¶ 8. We are aware that some jurisdictions have adopted a "per se" approach. See *Honeycutt v. Walden*, 743 S.W.2d 809, 810 (Ark. 1988); *Taylor v. Superior Court of Los Angeles County*, 598 P.2d 854, 857 (Cal. 1979); *Ingram v. Pettit*, 340 So. 2d 922, 924 (Fla. 1976); *Calloway v. Rossman*, 257 S.E.2d 913, 917 (Ga. Ct. App. 1979); *Sebastian v. Wood*, 66 N.W.2d 841, 844-45 (Iowa 1954); *Anderson v. Amundson*, 354 N.W.2d 895, 898 (Minn. Ct. App. 1984); *Allers v. Willis*, 643 P.2d 592, 596 (Mont. 1982); *Harrell v. Ames*, 508 P.2d 211, 214 (Or. 1973). Many other states, however, determine whether punitive damages are warranted in DUI cases by conducting an individualized inquiry into the driver's conduct and any other aggravating circumstances. See *Smith v. Chapman*, 564 P.2d 900, 903-04 (Ariz. 1977); *Infeld v. Sullivan*, 199 A.2d 693, 694-95 (Conn. 1964); *Madison v. Wigal*, 153 N.E.2d 90, 94-95 (Ill. App. Ct. 1958); *Collins v. Black*, 380 So. 2d 241, 244 (Miss. 1980); *McMahon v. Chryssikos*, 528 A.2d 104, 109 (N.J. Super. Ct. Law Div. 1986); *Cabe v. Lunich*, 640 N.E.2d 159, 162-63 (Ohio 1994); *Focht v. Rabada*, 268 A.2d 157, 160 (Penn. 1970); *Pratt v. Duck*, 191 S.W.2d 562, 565 (Tenn. Ct. App. 1945); *Baker v. Marcus*, 114 S.E.2d 617, 621 (Va. 1960). We find this latter approach preferable and consistent with our jurisprudence.

¶ 9. The trial court's findings regarding punitive damages will be disturbed only if the court abused its discretion. *Finley v.*

*Williams*, 142 Vt. 153, 156, 453 A.2d 85, 87 (1982). Given the evidence in this case, there was no abuse. Defendant was found to have a BAC of 0.156 at the time of processing, and a suspended license resulting from a prior DUI conviction in 1997. While Johnson's conduct can be characterized as negligent or even reckless, there are no special circumstances, such as personal ill will or bad motive, to support a finding of actual malice. Cf. *Cooper v. Cooper*, 173 Vt. 1, 14-15, 783 A.2d 430, 441 (2001) (upholding punitive damages award in emotional distress claim where there was evidence that defendants breach of fiduciary duty in foreclosure of mortgage was motivated by desire to retaliate against former daughter in law for divorcing their son); *Pion v. Bean*, 2003 VT 79, ¶ 40, 176 Vt. 1, 833 A.2d 1248 (punitive damages appropriate where defendants harassed adjoining landowners in order to drive them out of their home); *Sweet v. Roy*, 173 Vt. 418, 445-46, 801 A.2d 694, 714 (2002) (upholding punitive damages award against defendant who engaged in unlawful self help eviction in order to gain ownership of the homes at unreasonable low prices). It was well within the court's discretion to conclude that "[t]he actions of defendant in this case do not constitute the kind of malicious, intentional acts that punitive damages are designed to address."

*Affirmed.*